# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:11-cr-00003-JAW |
| | ) | |
| ROBERT GOGUEN | ) | |

**ORDER DENYING MOTION FOR RECONSIDERATION**

The Court denies an inmate's motion to reconsider its denial of his motion for the Court to order reimbursement of certain costs the inmate incurred in pursuing various legal actions because the inmate failed to demonstrate that his case is one of the rare cases where such reimbursement is warranted.

**I.     BACKGROUND**

**A.     Procedural Background**

On February 6, 2018, Robert Goguen moved this Court to appoint counsel to represent him in his pending motion, filed under 28 U.S.C. § 2255, to vacate, set aside, or correct sentence (ECF No. 205). On February 8, 2018, the Magistrate Judge denied the motion. *Order Denying Mot. to Appoint Counsel* (ECF No. 206). On February 21, 2018, Mr. Goguen filed a motion objecting to the order and requesting reconsideration thereof. *Obj. to Order Denying Appointment of Counsel* (ECF No. 208). In these circumstances, a request for reconsideration is directed to the Magistrate Judge who issued the order and an objection is directed to the assigned District Judge, so Mr. Goguen's motion was forwarded first to the Magistrate Judge for reconsideration. On

February 23, 2018, the Magistrate Judge denied the motion for reconsideration. *Order* (ECF No. 212). On February 26, 2018, the Court reviewed Mr. Goguen's objection under 28 U.S.C. § 636(b)(1)(A) and affirmed the Magistrate Judge's order, concluding that it was neither clearly erroneous nor contrary to law. *Order* (ECF No. 213).

On February 21, 2018, Mr. Goguen moved the Court to pay certain expenses that he has incurred in proceeding with his various legal matters. *Def.'s Mot. for Funds* (ECF No. 209). The expenses include those associated with mailings, photocopying, and telephone calls. *Id.* On February 23, 2018, the Magistrate Judge denied his motion. *Order* (ECF No. 211). On March 20, 2018, Mr. Goguen objected to the Magistrate Judge's Order. *Def.'s Objection to Order Denying Mot. for Funds* (ECF No. 219). On April 4, 2018, the Court overruled Mr. Goguen's objection to the Magistrate Judge's Order. *Order Overruling Obj. to the Magistrate Judge's Order* (ECF No. 224). On April 10, 2018, Mr. Goguen moved for reconsideration. *Reconsideration of District Judge's Order in Denying Mot. for Funds* (ECF No. 225) (*Def.'s Mot.*).

B.  **Motion for Reconsideration**

In his motion for reconsideration, Mr. Goguen attempts to address one of the Court's observations in its order overruling his objection to the Magistrate Judge's Order—a lack of legal authority for his position. *Def.'s Mot.* at 1-2. He cites section 3.2 of the treatise Federal Habeas Corpus Practice and Procedure, which speaks of procedures for indigent federal habeas petitioners "to hire and to secure

2

compensation for court-funded investigators, expert witnesses, and other providers of support services." *Id*. at 2 (citing Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure § 3.2 (7th ed. 2017)). Mr. Goguen suggests that "support services" encompasses services he has availed himself of in his own representation, including photocopies, telephone calls, and postage. *Def.'s Mot*. at 2-3. He states that he "believe[s] the Court has the authority to act upon [his] request for funds" to pay for such services. *Id*. at 3.

## II. DISCUSSION

### A. Legal Standard under 18 U.S.C. § 3006A

Mr. Goguen suggests that his proposal—to have the Court cover costs arising out of his pro se representation—"is much cheaper" than appointment of counsel to represent him. *Id*. at 3. He is undoubtedly correct; nevertheless, the standard the Court must apply in evaluating his request is the same it applied in evaluating his prior request for a lawyer. The Guide to Judiciary Policy addresses this:

> (a)     Persons who are eligible for representation under the CJA, but who have elected to proceed pro se, may, upon request, be authorized to obtain investigative, expert, and other services in accordance with 18 U.S.C. § 3006A(e).
>
> (b)     The court should authorize subsection (e) services for pro se litigants and review and approve resulting claims in the same manner as is its practice with respect to requests made by CJA panel attorneys. However, in matters for which appointment of counsel is discretionary under 18 U.S.C. § 3006A(a)(2), the court should make a threshold determination that the case is one in which the interests of justice would have required the furnishing of representation.

3

7A Guide to Judiciary Policy § 310.10.30 (a)-(b) (May 17, 2017). Mr. Goguen continues to proceed pro se after having sought and been denied counsel for failure to meet § 3006A(a)(2)'s rubric.

This standard—required by the interests of justice—is a high bar in the § 2255 context. *United States v. Allen*, No. 1:03-cr-00058-JAW, 2013 U.S. Dist. LEXIS 105490, at *1-2 (D. Me. Jul. 29, 2013). In a per curiam opinion, the First Circuit characterized the case before it as "the rare occasion on which the appointment of counsel is warranted for the handling of a section 2255 proceeding." *United States v. Garcia-Rodriguez*, 215 F.3d 1312 (1st Cir. 2000) (per curiam). In another case, the First Circuit identified three factors that "coalesced" to make it "the rare section 2255 case" in which appointment of counsel under § 3006A(a)(2)(B) was warranted: "(1) appellant has shown a fair likelihood of success on the constitutional claim, (2) that claim is factually complex and legally intricate, and (3) the facts are largely undeveloped and appellant (who is both incarcerated and indigent) is severely hampered in his ability to investigate them." *United States v. Mala*, 7 F.3d 1058, 1063-64 (1st Cir. 1993). The First Circuit has made clear that "such cases are few and far between." *Ellis v. United States*, 313 F.3d 636, 653 (1st Cir. 2002).

### B. Mr. Goguen's is not the Rare Section 2255 Case Warranting Services under § 3006A(a)(2)(B)

The Court previously intimated that Mr. Goguen failed to demonstrate that his is among the rare cases wherein a pro se § 2255 movant meets the *Mala* criteria. *Order* (ECF No. 213) (affirming *Order* (ECF No. 206). The Court now makes its view more explicit.

4

In his order denying Mr. Goguen's motion to appoint counsel, the Magistrate Judge aptly described why Mr. Goguen does not meet the standard:

> A review of Petitioner's section 2255 motion reveals that the pertinent facts are known and that the applicable legal principles are not particularly complicated. The facts and law relevant to Petitioner's case thus are sufficiently straightforward that Petitioner should be able to represent himself. Petitioner's motion demonstrates that he is aware of the relevant facts and the pertinent legal issues. Indeed, in his motion, Petitioner cited case law he believes to be relevant to the claims he has asserted.

*Order on Mot. to Appoint Counsel* at 2 (ECF No. 206). In his reply to the Government's opposition to his § 2255 motion, Mr. Goguen abandons his argument that the Government violated the rule of *Brady v. Maryland*, 373 U.S. 83 (1963), leaving a variety of arguments about why he received ineffective assistance of counsel. *Reply to Gov't's Resp. to 2255* at 12 (ECF No. 227).[1]

As the Magistrate Judge underscored, the facts underlying Mr. Goguen's claim that several of his lawyers were ineffective does not appear particularly complex nor does it require further development. The conduct of his lawyers is largely a matter of public record. The same is true regarding the means by which the guilty plea leading to his Sex Offender Registration and Notification Act predicate state conviction was entered.

While the doctrine of ineffective assistance of counsel has many facets, the Court does not view Mr. Goguen's claim as legally intricate. Convicts seeking habeas

---

[1] Mr. Goguen states that, in addition to ineffective assistance of counsel, he is "claiming . . . court or probation errors, miscarriage of justice, and actual innocence." *Mot. for Relief* at 1 (ECF No. 199). Nevertheless, review of the totality of Mr. Goguen's § 2255 filings makes clear that the gravamen of his argument pertains to ineffective assistance of counsel.

5

relief routinely argue that their trial counsel erred by failing to carry out their wishes, failing to investigate, failing to make certain arguments, and/or making unwise strategic decisions. Mr. Goguen fails to distinguish his similar claims with regard to their complexity. With regard to his claims that Attorney Stephen Smith constructively denied him assistance of counsel altogether, *Mot. to Vacate, Set Aside, or Correct Sentence (2255)* at 2-4 (ECF No. 194), while this type of claim is less common, it is straightforward legally. If, as Mr. Goguen claims, Attorney Smith entirely failed to function as Mr. Goguen's counsel or to advocate such that there was a breakdown of the adversarial process, Attorney Smith's performance could violate *United States v. Cronic*, 466 U.S. 648 (1984).

All of this is enough for the Court to conclude that Mr. Goguen has failed to show that his case meets the *Mala* test. As such, the Court need not opine, at this juncture, on the likelihood of success of Mr. Goguen's claim or the Government's argument that his § 2255 motion is untimely. *See Gov't's Mot. to Summarily Dismiss Pet'r's §2255 Pet., Resp. to §2255 Pet., and Resp. to Pet'r's Disc. Filing* at 2-6 (ECF No. 220). Because Mr. Goguen has not shown his to be "the rare section 2255 case" meriting services under § 3006A(a)(2)(B), *Mala*, 7 F.3d at 1063, the Court must deny his motion for reconsideration of the Court's affirmance of the Magistrate Judge's order.

## III. CONCLUSION

The Court DENIES Defendant's Reconsideration of District Judge's Order in Denying Motion for Funds (ECF No. 225) without prejudice.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 8th day of May, 2018