UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:11-cr-00003-JAW |
| | ) | 1:17-cv-00492-JAW |
| ROBERT GOGUEN, | ) | |
| | ) | |
| Defendant | ) | |

**ORDER ON PENDING MOTION FOR
TRANSCRIPTS AND MOTION FOR DISCOVERY**

In this matter, Defendant/Petitioner seeks habeas relief pursuant to 28 U.S.C. § 2255. The matter is before the Court on Petitioner's motion for transcripts and copies of other documents (ECF No. 231), and Petitioner's motion for discovery. (ECF No. 216.) The Court grants in part the motion for copies, and denies the motions for transcripts and discovery.

**Discussion**

A. <u>Motion for Transcript/Motion for Copies</u>

Petitioner asks the Court to order at government expense the preparation of transcripts of various proceedings that preceded the September 17, 2012, entry of judgment on the charge of failure to register as a sex offender.[1] He also seeks the transcript of a proceeding related to the revocation of his supervised release in September 2013. Petitioner asserts the transcripts are "pertinent" to his section 2255 motion.

---
[1] The Court entered an amended judgment on January 31, 2013. (ECF No. 90.)

28 U.S.C. § 753(f) provides: "Fees for transcripts furnished in proceedings brought under section 2255 of this section to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal."

Given that Petitioner did not file an appeal from the original or amended judgment, and given that Petitioner filed the section 2255 motion in December 2017, Petitioner's attempt to challenge the conviction pursuant to section 2255 could be barred by the one-year limitation period that governs the filing of section 2255 motions. *See* 28 U.S.C. § 2255(f). The Court, therefore, cannot conclude the matter is not frivolous. Furthermore, the Court is not persuaded the requested transcripts at government expense are needed for the section 2255 motion. First, the section 2255 filings are complete and the matter is in order for decision. The record thus is complete. In addition, the relevance of the requested proceedings to Petitioner's principal claim that several attorneys who represented him during various state court and federal court proceedings failed to investigate the matters appropriately is not apparent. The Court, therefore, will not authorize the preparation of the transcripts at government expense.

Petitioner also requests copies of certain documents. Although Petitioner has not explained in any detail his need for the documents, the Court will direct the Clerk to forward to Petitioner copies of the requested documents that are available on the public docket. Specifically, the Court will direct the Clerk to forward to Petitioner a copy of the Judgment (ECF No. 80) and the Amended Judgment. (ECF No. 90.)

B. <u>Motion for Discovery</u>

Through his motion for discovery, Petitioner in part requests transcripts of certain proceedings. For the reasons discussed above, Petitioner is not entitled to the preparation of transcripts at government expense.

Petitioner also seeks to obtain discovery from two individuals, including one of his former attorneys. Rule 6(a) of the Rules Governing Section 2255 Proceedings authorizes the Court to permit discovery for "good cause." "'[W]here specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is … entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry.'" *Bracy v. Gramley*, 520 U.S. 899, 908-909 (1997) (quoting *Harris v. Nelson*, 394 U.S. 186, 300 (1969)).

In support of his request, Petitioner asserts the requested discovery is "extremely pertinent to [his] defense." (Motion at 2.) Petitioner's bald assertion that the information is relevant to his case does not constitute good cause for discovery. The Court is also not convinced that the interrogatories proposed to be served on one of the individuals (ECF No. 216-1) would generate evidence that would be pertinent to a valid claim on which Petitioner might be entitled to relief. Petitioner, therefore, has not demonstrated good cause for discovery.

**Conclusion**

Based on the foregoing analysis, the Court denies Petitioner's motion for transcripts, grants in part Petitioner's motion for copies, and denies Petitioner's motion for discovery.

The Clerk shall forward to Petitioner a copy of the Judgment (ECF No. 80) and the Amended Judgment. (ECF No. 90.)

## NOTICE

Any objections to this Order shall be filed in accordance with Federal Rule of Criminal Procedure 59 and Federal Rule of Civil Procedure 72.

<u>/s/ John C. Nivison</u>
U.S. Magistrate Judge

Dated this 5th day of July, 2018.