UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:11-cr-00003-JAW |
| | ) | 1:17-cv-00492-JAW |
| | ) | |
| ROBERT FREDERICK GOGUEN | ) | |

**ORDER OVERRULING OBJECTION TO MAGISTRATE JUDGE'S ORDER DENYING MOTION FOR TRANSCRIPTS AND DISCOVERY**

The Court affirms the Magistrate Judge's Order, denying in large part a habeas corpus Petitioner's request for discovery on the ground that the habeas corpus petition appears to be barred by the one-year limitations period under 28 U.S.C. § 2255(f) and therefore there is no good cause for allowing discovery, much less the extensive discovery the Petitioner is requesting.

**I.  BACKGROUND**

**A.  *United States v. Robert Goguen* – 1:11-cr-00003-JAW**

On January 12, 2011, a federal grand jury indicted Robert Frederick Goguen for failure to register as a sex offender. *Indictment* (ECF No. 1), 1:11-cr-00003-JAW. On July 13, 2011, Mr. Goguen admitted that he committed the charged crime, *Min. Entry* (ECF No. 43), and on September 14, 2012, the Court sentenced Mr. Goguen to thirty-seven months of incarceration, three years of supervised release, a $100 special assessment and no fine. *J.* (ECF No. 81); *Am. J.* (ECF No. 90). Mr. Goguen did not appeal his conviction or sentence to the Court of Appeals for the First Circuit.

On August 16, 2013, the Government filed a petition on supervised release, alleging a violation of one of the conditions of his supervised release. *Pet. for Warrant or Summons for Offender under Supervision* (ECF No. 96). On September 23, 2013, Mr. Goguen admitted the violation and the Court sentenced him to five months of incarceration and thirty-one months of supervised release. *Revocation J.* (ECF No. 113). Mr. Goguen appealed this revocation judgment to the Court of Appeals for the First Circuit and on October 9, 2014, the First Circuit affirmed the judgment. *J. of Court of Appeals for the First Circuit* (ECF No. 142).

On November 13, 2015, the Government filed a second petition on supervised release, alleging violations of two of the conditions of his supervised release. *Pet. for Warrant or Summons for Offender under Supervision* (ECF No. 144). This petition has been the subject of multiple motions. *See Order on Mem. in Opp'n to the Gov't's Req. to Apply the Penalty Ranges under 18 U.S.C. § 3583(k)* (ECF No. 170); *Recommended Decision on Mot. to Suppress* (ECF No. 186); *Order Affirming the Recommended Decision of the Magistrate Judge* (ECF No. 190). It remains unresolved.

B. *Robert Goguen v. United States* – **17-cv-00492-JAW**

Meanwhile, on December 15, 2017, Mr. Goguen filed a pro se motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. *Mot. to Vacate, Set Aside or Correct Sentence* (ECF No. 194). On December 21, 2017, the Magistrate Judge ordered Mr. Goguen to file his § 2255 motion on a proper form, *Order to File Mot. to Vacate, Set Aside or Correct Sentence on Proper Form* (ECF No. 195). On

December 29, 2017, Mr. Goguen filed additional paperwork in support of his challenge to his original sentence, his first revocation, and the decision on his appeal. *Supplement to Mot. to Vacate, Set Aside or Correct Sentence* (ECF No. 199). On January 26, 2018, the Magistrate Judge ordered the Government to respond to Mr. Goguen's 28 U.S.C. § 2255 motion. *Order to Answer* (ECF No. 201). After Mr. Goguen amended his § 2255 motion, the Government answered and moved to dismiss his motion on March 26, 2018. *Gov't's Mot. to Summarily Dismiss Pet'r's § 2255 Pet., Resp. to § 2255 Pet., and Resp. to Pet'r's Disc. Filing* (ECF No. 220). On April 20, 2018, Mr. Goguen filed a reply to the Government's response. *Reply to Gov't's Resp. to 2255* (ECF No. 227).[1]

**C.    The Pending Objection**

Following the filing of Mr. Goguen's § 2255 petition, he filed a number of motions requesting that the Court appoint counsel, that the Court require the Government to pay for transcripts, that the Court allow discovery, or that the Court order payment of certain expenses that he incurred while pursuing his claims for legal relief. These motions have been largely unsuccessful. *Order on Mot. to Appoint Counsel* (ECF No. 206); *Order Denying Mot. for Funds* (ECF No. 211); *Order Denying*

---

[1] Though not directly relevant to the pending objection, on December 14, 2016, a federal grand jury indicted Mr. Goguen for possession of child pornography, an alleged violation of 18 U.S.C. § 2252A. *Indictment* (ECF No. 1), 1:16-cr-00167-JAW. On September 15, 2017, Mr. Goguen pleaded guilty to this charge. *Min. Entry* (ECF No. 64). Mr. Goguen's sentencing hearing has been delayed while the Court considers his argument about the legal impact of his prior state of Connecticut conviction in 1996 for sexual assault in the second degree. *See Def.'s Mem. in Opp'n to the App. of the Mandatory Minimum under 18 U.S.C. § 2252A(b)(2)* (ECF No. 83); *Gov't Resp. to Def.'s Mem. in Opp'n to the App. of the Mandatory Minimum under 18 U.S.C. § 2252A(b)(2)* (ECF No. 86); *Def.'s Reply to Gov't's Resp. to App. of Mandatory Minimum* (ECF No. 90).

3

*Mot. for Recons.* (ECF No. 212); *Order* (ECF No. 213); *Order Overruling Objection to Magistrate Judge's Order* (ECF No. 224); *Order Denying Mot. for Recons.* (ECF No. 230); *Order on Pending Mot. for Trs. and Mot. for Disc.* (ECF No. 240) (*Order on Pending Mot.*).

The last order of the Magistrate Judge is now before the Court.

### D. The Motions, the Order, and the Objection

#### 1. Robert Goguen's Motions

On March 6, 2018, Mr. Goguen filed a motion for discovery. *Disc. Issues* (ECF No. 216). In this motion, Mr. Goguen requests (1) transcripts from his initial guilty plea, the withdrawal of Attorney Brown and appointment of Attorney Haddow, the original sentencing hearing, the initial revocation hearing, and the revocation hearing, (2) probation reports from May 23, 2013, and August 5, 2013, and "the discovery from revocation in August 2013", (3) his request for sentencing help and certain appeal issues, (4) permission to request documents from a former treatment provider, a Mr. Hogan, (5) Attorney Brown's work product on his case, and (6) permission to pose several interrogatories to Mr. Hogan. *Id.*

On May 11, 2018, Mr. Goguen filed a motion for transcripts at the Government's expense of certain hearings, sentencing memoranda, the sentencing judgment and reasons, and his presentence report regarding *United States v. Robert Goguen*, 1:11-cr-00003-JAW. *Mot. for Tr. at Gov't Expense of 12/5/11 Hr'g on Mot. to Withdraw and 8/13/12 Presentence Conf., Mot. for Copies of # 81 Statement of Reasons and Presentence Report* (ECF No. 231). In response on May 17, 2018, the Clerk's Office

4

forwarded Mr. Goguen copies of the following: the judgment and commitment, the sentencing memoranda, and the transcript of his sentencing. *Letter from Clerk's Office to Robert Goguen* (May 17, 2018) (ECF No. 232). The Clerk's Office's letter stated that his request for transcripts and for copies of non-public documents had been docketed and would be ruled on by the Court. *Id.*

### 2. The Magistrate Judge's Order

On July 5, 2018, the Magistrate Judge issued an order granting in part and denying in part the motion for transcripts and denying the motion for discovery. Regarding the request for copies of transcripts and documents, the Magistrate Judge granted Mr. Goguen's request for the judgment (ECF No. 80) and the amended judgment (ECF No. 90). *Order on Pending Mot.* at 2 (ECF No. 240). Otherwise, he denied the motion. *Id.* Regarding the request for discovery, the Magistrate Judge concluded that Mr. Goguen had not demonstrated "good cause" for his discovery requests and the Magistrate Judge denied them. *Id.* at 3.

### 3. Robert Goguen's Objections

On July 24, 2018, Mr. Goguen filed an objection to the Magistrate Judge's discovery order. *Objection to Disc. Order* (ECF No. 245). In his objection, citing *Holland v. Florida*, 560 U.S. 631 (2010), Mr. Goguen contends that his motion for relief is premised on his view "that [Attorneys] Smith, Brown, Day, and Haddow violated fund[a]mental cannons of prof[]essional responsibility." *Id.* at 2. He complains that the Magistrate Judge observed that he had failed to file an appeal and had waited until December 2017 to seek a remedy. *Id.* at 3. He states that neither

5

observation is a "fair ren[]dition to the unchallenged facts to my motion for relief or the associated filings." *Id.* Mr. Goguen casts serious aspersions against several of his attorneys and the federal prosecutors, which the Court will not repeat here. *Id.* at 3-13. Mr. Goguen attacks the United States Probation Office for acting under an improper delegation of judicial authority, illegally requesting supervised release conditions, and lying and misleading the Court. *Id.* at 14-20, 22-23. He also asserts that the search condition for his supervised release was illegal, resulting in illegal searches and seizures. *Id.* at 21-22.

### 4. The Government's Response

On August 1, 2018, the Government responded to Mr. Goguen's objection. *Gov't's Resp. to Pet'r's Objection to Magistrate Judge's Order on Mot. for Trs. and Mot. for Disc.* (ECF No. 247). The Government contends that Mr. Goguen has failed to demonstrate that his requested discovery is material and meets the good cause standard, and further that Mr. Goguen's habeas corpus petition is barred by the one-year limitations period under 28 U.S.C. § 2255(f). *Id.* at 1-2.

## II. DISCUSSION

Under 28 U.S.C. § 2255(f), the law establishes a one-year limitations period for the filing of habeas corpus claims:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of - -
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the

United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year limitations period apparently bars Mr. Goguen's habeas corpus petition under 28 U.S.C. § 2255.

Although Mr. Goguen is critical of the Magistrate Judge's reference to the fact he did not appeal his conviction and sentence, the reason for the Magistrate Judge's reference is to fix the date when the one-year limitations period began to run. The Court imposed its sentence on Mr. Goguen on September 14, 2012, and docketed the judgment on September 17, 2012. *J*. It issued an amended judgment on January 31, 2013. *Am. J*. Mr. Goguen did not appeal the conviction and sentence memorialized in these judgments, and therefore, the one-year period within which he had to file his habeas corpus petition was January 30, 2014 at the latest. 28 U.S.C. § 2255(f)(1). Mr. Goguen filed his habeas corpus petition on December 15, 2017, nearly four years late. There is no good cause for allowing discovery on a time-barred habeas corpus petition.

None of the exceptions to the one-year bar is apparently applicable. Mr. Goguen does not assert that the Government somehow prevented him from filing a timely petition. He does not contend that the basis for his petition is a newly-announced right declared by the United States Supreme Court and made retroactive.

7

He does not contend that he could not have discovered the alleged violations by his various defense counsel earlier. To the contrary, his complaints against his defense lawyers are mostly based on their asserted failures to present arguments to the Court that Mr. Goguen urged them to make, so he knew at the time they had failed to do so. The same is true of Mr. Goguen's other multiple allegations against the federal prosecutors and federal probation officers.

In sum, Mr. Goguen's petition appears to be barred by the one-year limitations period. If Mr. Goguen convinces the Court that his petition is not time-barred, his request for discovery may always be revisited. But at the moment, to order extensive discovery on a habeas corpus petition that is likely barred by operation of 28 U.S.C. § 2255(f) would not fall within the "good cause" exception against discovery in habeas corpus cases under Rule 6(a) of the Rules Governing Section 2255 Proceedings.

### III. CONCLUSION

The Court OVERRULES Mr. Goguen's Objection to Discovery Order (ECF No. 245) and AFFIRMS the Magistrate Judge's denial of his Motion for Discovery, entitled, Discovery Issues (ECF No. 216), and his Motion for Transcripts at the Government's Expense of 12/5/11 Hearing on Motion to Withdraw and 8/13/12 Presentence Conference, Motion for Copies of # 81 Statement of Reasons and Presentence Report (ECF No. 231).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 30th day of August, 2018