UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ROBERT FREDERICK GOGUEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:11-cr-00003-JAW |
| | ) | 1:17-cv-00492-JAW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

**ORDER ON
MOTION TO AMEND (ECF NO. 215)
AND MOTION TO STAY (ECF NO. 248)**

Petitioner Robert Frederick Goguen moves to amend (Motion to Amend, ECF No. 215) his motion, pursuant to 28 U.S.C § 2255, to vacate, set aside or correct his sentence (Section 2255 Motion, ECF No. 194). He also filed a motion to stay (Motion for Stay and Abeyance, ECF No. 248) that, in addition to requesting a stay, includes a request to assert additional section 2255 allegations.

Following a guilty plea, Petitioner was convicted of failure to register as a sex offender, 18 U.S.C. § 2250(a); the Court sentenced Petitioner to a prison term of 37 months, to be followed by a term of three years of supervised release. (Amended Judgment, ECF No. 90 at 1-3.)

## DISCUSSION

Upon review of Petitioner's motions (ECF Nos. 215, 248), the Court grants the motion to amend. (ECF No. 215.) Petitioner's section 2255 motion is amended to include

the claims set forth in the motion. The Court also grants Petitioner's request to supplement his section 2255 motion.[1] The Court denies the motion to stay. (ECF No. 248.)

Because Petitioner seeks relief from his sentence, his initial motion (ECF No. 194), in substance, is a motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255; Petitioner's prior filings reflect he understands the Court has construed his request for relief as a section 2255 motion.[2] In *Castro v. United States*, 540 U.S. 375 (2003), the Supreme Court addressed the practice by which a court may construe a request for relief as a section 2255 motion:

> Under a longstanding practice, a court sometimes treats as a request for habeas relief under 28 U.S.C. § 2255 a motion that a *pro se* federal prisoner

---

[1] Thus, with the entry of this order, Petitioner's section 2255 motion will include the section 2255 allegations contained in following filings: ECF Nos. 194, 199, 204, 215, and 248 (notwithstanding that the Court denies the stay requested in ECF No. 248.) In addition, Petitioner has filed a reply (ECF No. 227), and additional filings (ECF Nos. 236, 239) that the Court will consider in its review of Petitioner's section 2255 motion. Due to the number of Petitioner's filings in this matter, Petitioner likely will not be granted leave to file any amendments beyond the one additional amended motion which, as explained below, is permitted by this order. Furthermore, as with any of Petitioner's amended claims, any new claims filed after the initial section 2255 motion, like the initial motion, must be timely, or, alternatively, the new claims must relate back to Petitioner's initial section 2255 filing. *See United States v. Miller*, 2014 WL 3734212, at *2, 2014 U.S. Dist. Lexis 102124, at *5-6 (N.D. Ga. July 28, 2014); *Young v. United States*, 2011 WL 5552893, at *1, 2011 U.S. Dist. Lexis 131867, at *3-5 (S.D. Ohio Nov. 15, 2011).

[2] Title 28 U.S.C. § 2255(a) states:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Petitioner did not file his section 2255 motion on the standard form for 28 U.S.C. § 2255 motions. (Motion, ECF No. 194.) The Court ordered Petitioner to file the motion on the standard form. (Order, ECF No. 195.) Petitioner did not do so. In his next filing, entitled "Motion for Relief" (ECF No. 199), he stated: "I don't know if I qualify for 2255 action, the saving clause of 2241, or if this Court can use F. R. Civ. P., Rule 60(b)(4), (5) and (6); or (d)(1). Or if I am required to use 'All Writs Act'." (Motion, ECF No. 199 at 1.)

> has labeled differently. Such recharacterization can have serious consequences for the prisoner, for it subjects any subsequent motion under § 2255 to the restrictive conditions that federal law imposes upon a "second or successive" (but not upon a first) federal habeas motion. § 2255, ¶ 8. In light of these consequences, we hold that the court cannot so recharacterize a *pro se* litigant's motion as the litigant's first § 2255 motion *unless* the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's "second or successive" restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing. Where these things are not done, a recharacterized motion will not count as a § 2255 motion for purposes of applying § 2255's "second or successive" provision.

540 U.S. at 377.[3] The Supreme Court also explained that the reason for permitting a petitioner to amend the motion is "so that it contains all the § 2255 claims he believes he has." *Id.* at 383.

Given the relief Petitioner seeks, the characterization of Petitioner's motion as a section 2255 motion is appropriate. In accordance with *Castro*, therefore, the Court advises Petitioner that any subsequent section 2255 motions will be subject to the second or successive restrictions applicable to section 2255 motions. Petitioner may either withdraw or amend his section 2255 motion in accordance with this Order.

## CONCLUSION

The Court grants Petitioner's motion to amend (ECF No. 215). The Court denies Petitioner's motion to stay (ECF No. 248). Further, the Court (a) advises Petitioner that the Court has construed his pro se filing (ECF No. 194) to be a first Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255; (b) advises Petitioner that if at

---

[3] When *Castro v. United States*, 540 U.S. 375 (2003) was decided, what is now codified at 28 U.S.C. § 2255(h) was codified at section 2255(8). The restrictions on second or successive motions thus now appear in section 2255(h) and in 28 U.S.C. § 2244, which is referenced in section 2255(h).

some point in the future Petitioner files a second or successive section 2255, the recharacterization of this first section 2255 motion will subject him to the restrictions that 28 U.S.C. § 2255 imposes on second or successive collateral challenges; and (c) permits Petitioner until September 25, 2018, either to withdraw or to amend his section 2255 motion if he wishes to do so. In the event Petitioner files a further amendment to his section 2255 motion, the Government will not be required to file a separate response to the amendment, but may request leave of Court to file a response.

**SO ORDERED.**

**NOTICE**

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72 and Federal Rule of Criminal Procedure 59.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 11th day of September, 2018.