UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

ROBERT FREDERICK GOGUEN,      )
                             )
             Petitioner,      )
                             )       1:11-cr-00003-JAW
      v.                      )       1:17-cv-00492-JAW
                             )
UNITED STATES OF AMERICA,     )
                             )
             Respondent       )

## RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

In this action, Petitioner Robert Frederick Goguen moves, pursuant to 28 U.S.C § 2255, to vacate, set aside or correct his sentence. (Motion, ECF No. 194.) Following a guilty plea, Petitioner was convicted of failure to register as a sex offender, under the Sex Offender Registration and Notification Act ("SORNA"), in violation of 18 U.S.C. § 2250(a); the Court sentenced Petitioner to a prison term of 37 months to be followed by three years of supervised release. (Amended Judgment, ECF No. 90 at 1-2.)

Petitioner alleges ineffective assistance of counsel by the two attorneys who represented him sequentially through this Court's 2013 revocation judgment.[1] (Motion at 1.)

---

[1] Petitioner also alleges ineffective assistance in one or more Maine state court proceedings. (Motion, ECF No. 194 at 1-4, 7.) The Court notes Petitioner requested a 28 U.S.C. § 2254 form petition (Letter, ECF No. 246 at 2), and the Court has directed the Clerk to send Petitioner a copy of a form section 2254 petition. However, the Court also notes that in Petitioner's motion to amend the federal sentence, he represented that state charges had been dismissed. (Defendant's Motion to Amend Sentence, ECF No. 88 at 1.) This section 2255 proceeding addresses only Petitioner's challenge to his federal sentence. *See* Rule 2(d), Rules Governing Section 2255 Proceedings ("A moving party who seeks relief from more than one judgment must file a separate motion covering each judgment."). This Court would have no jurisdiction over a section 2254 claim in the absence of a state court judgment. *See* 28 U.S.C. § 2254 (requiring a section 2254 petitioner to be "in custody pursuant to the judgment of a State court"); *Nowakowski v. New York*, 835 F.3d 210, 215 (2d Cir. 2016) ("In order for a federal court to have

The Government maintains Petitioner's motion is untimely under 28 U.S.C. § 2255(f). (Response, ECF No. 220 at 4-6.)

Following a review of Petitioner's motion, the Government's request for dismissal, and the record, I recommend the Court grant the Government's request, and dismiss Petitioner's motion.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

According to the prosecution version (Prosecution Version, ECF No. 42), which Petitioner admitted at his change of plea hearing was true (Plea Tr., ECF No. 156 at 13), Petitioner was convicted in Connecticut in 1996, following a guilty plea, of sexual assault, for which conviction he was sentenced to ten years in prison, with all but four years suspended, to be followed by five years of probation. (Prosecution Version at 1.)

Petitioner was released on April 1, 2000. (*Id.*) Prior to his release, he signed a "Sex Offender Advisement of Registration Requirement Unconditional Release form," which advised Petitioner that he was required to register for 10 years from the date of his

---

jurisdiction over a habeas petition, the petitioner must be 'in custody pursuant to the judgment of a State court' at the time the petition is filed.").

Petitioner additionally challenges a 1996 Connecticut state court judgment and the imposition of the SORNA registration requirement. (ECF No. 239.) This Court lacks jurisdiction over Petitioner's claims concerning the 1996 judgment, because Petitioner does not allege he was in custody under the 1996 judgment when he filed his habeas petition in this Court; the prosecution version states he was released from "custody," presumably meaning he was released from prison, in April 2000, and he was required to serve five years of probation under the 1996 Connecticut judgment. (Prosecution Version, ECF No. 42 at 1.) The SORNA registration requirement did not render Petitioner "in custody pursuant to the judgment of a State court," for purposes of a 28 U.S.C. § 2254 petition. *See Hautzenroeder v. Dewine*, 887 F.3d 737, 741 (6th Cir. 2018) (citing *Lefkowitz v. Fair*, 816 F.2d 17, 20 (1st Cir. 1987), noting the First Circuit held "that the loss of a medical license did not render a sex offender who had completed his sentence 'in custody,'" and noting "[o]ther courts likewise hold that personal registration requirements are not enough to render a sex offender 'in custody'").

release, unless he was released from the obligation earlier under Connecticut law. (*Id.*) A review of the prosecution version reflects the Government did not allege Petitioner had been released early. (*Id.*) Petitioner was convicted in Massachusetts in 2006 of failure to register as a sex offender. (*Id.* at 2.)

On August 31, 2009, Petitioner applied for and obtained a Maine driver's license. (*Id.* at 2-3.) On July 29, 2010, in a meeting with police, Petitioner was informed of and waived his *Miranda* rights, and he told officers he had lived in Maine for 16 months.[2] (*Id.* at 3.) The Maine State Bureau of Identification had no record that Petitioner had ever registered with the Maine Sex Offender Registry. (*Id.*) Petitioner was indicted pursuant to 18 U.S.C. § 2250(a) for failure to register as required under SORNA. (Indictment, ECF No. 1.)

Following a hearing in July 2011, the Court accepted Petitioner's guilty plea. (Plea Tr., ECF No. 156 at 17.) The Court entered an amended judgment of conviction on January 31, 2013; the Court sentenced Petitioner to a term of 37 months in prison, to be followed by a term of three years of supervised release.[3] (Amended Judgment at 2-3.) Petitioner did not appeal from the conviction or the sentence.

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[3] At sentencing in September 2012, the Court noted Petitioner did not contest an eight-level sentencing enhancement, pursuant to USSG § 2A3.5(a)(2), based on a Maine unlawful sexual contact offense while Petitioner was in failure-to-register status. (Sentencing Tr., ECF No. 197 at 11.) According to the revised presentence investigation report, which Petitioner told the Court at sentencing he believed was accurate, the State dismissed the charge of unlawful sexual contact based on the federal sentencing. (Sentencing Tr. at 12-13; Report, ¶ 42.)

The Court found a guidelines range of 37 to 46 months, based on a total offense level of 19 and a criminal history category of III. (Sentencing Tr. at 22-23.) After determining the full sentence would be 37 months, the Court reduced the sentence to 16 months in order to credit Petitioner the 622 days he was

In September 2013, the Court entered a revocation judgment upon Petitioner's admission to a violation of one of the conditions of his supervision. (Revocation Judgment, ECF No. 113 at 1.) The Court sentenced Petitioner to a term of five months in prison, to be followed by a term of 31 months of supervised release.[4] (*Id.* at 2-3.)

Petitioner appealed from this Court's 2013 revocation judgment, and the First Circuit affirmed. (*United States v. Goguen*, No. 13-2230 (1st Cir. Oct. 9, 2014).) The First Circuit concluded Petitioner's "waiver of rights respecting his revocation hearing was knowing and voluntary," and the hearing was conducted in a manner consistent with Fed. R. Crim. P. 32.1, which governs the revocation of supervised release. (*Id.*) The First Circuit also concluded this Court did not err when it delegated to the United States Probation Office the choice of a particular treatment program as part of a special condition the Court imposed, "even if such treatment program included a restriction on the use of adult pornography." (*Id.*)

---

incarcerated on state charges for relevant conduct under the federal sentencing guidelines. (Sentencing Tr. at 32-33, 37-38.) In January 2013, Petitioner filed a motion, to which the Government consented, for an amended judgment to reflect the full 37-month sentence. (Defendant's Motion to Amend Sentence, ECF No. 88 at 1-2.) Petitioner requested the amended judgment because the Bureau of Prisons represented it would credit Petitioner the 21 months he spent in state custody, and the full 37-month sentence would enable the Bureau of Prisons to give Petitioner more good time credit. (*Id.*) The Court granted the motion, and it amended the judgment accordingly. (Order, ECF No. 89; Amended Judgment, ECF No. 90 at 2.)

[4] In a 2015 petition for a warrant alleging a violation of the supervised release term of Petitioner's revocation judgment, the United States Probation Office represented that supervised release commenced in January 2014. (Petition for Warrant or Summons for Offender Under Supervision, ECF No. 144 at 1.) In November 2015, Petitioner was arrested based on alleged possession of child pornography in violation of his supervised release. (*Id.* at 1-2; Docket Record.) At a partial final revocation hearing, Petitioner admitted the alleged violations. (Minute Entry, ECF No. 193.) The Court has accepted Petitioner's guilty plea in the criminal prosecution of the child pornography possession charge; the criminal case is docketed at *United States v. Goguen*, 1:16-cr-00167-JAW (Minute Entry, Change of Plea Hearing, ECF No. 64). Judgment has not yet been entered in the revocation proceeding or the criminal case.

Petitioner filed his section 2255 motion on December 15, 2017. (Motion, ECF No. 194 at 1.) Petitioner has made allegations in a number of filings, including: a document Petitioner entitled "Motion for Relief" (ECF No. 199), which the Court ordered docketed as a supplement to Petitioner's section 2255 motion (Order, ECF No. 198); a document Petitioner entitled "Motion to Amend Relief" (ECF No. 204), which the Court granted as a motion to amend the section 2255 motion (Order, ECF No. 207); a document Petitioner entitled "Requests to Further Amend" (ECF No. 215), which the Court granted as a motion to amend (Order, ECF No. 251); and a motion Petitioner entitled "Stay and Abeyance" (ECF No. 248), which the Court denied (Order, ECF No. 251). In addition, Petitioner has filed a reply (ECF No. 227), and additional filings (ECF Nos. 236, 239) that include section 2255 allegations. Finally, in response to the Court's grant of leave to amend (Order, ECF No. 251), Petitioner filed a document he entitled "Second Further Amendment to 2255" (ECF Nos. 252, 252-1).[5]

## II.    DISCUSSION

The timeliness of a section 2255 motion is governed by section 2255(f), which provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of −
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[5] The reference to the motion in this Recommended Decision refers to the original motion and all amendments.

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner's collateral challenge to the judgment of conviction is not timely under any of the provisions of section 2255(f). Concerning section 2255(f)(1), the amended judgment of conviction was entered on January 31, 2013; because Petitioner did not appeal, the judgment became final 14 days later, on February 14, 2013. *See* Fed. R. App. P. 4(b)(1)(A); *Clay v. United States*, 537 U.S. 522, 532 (2003) ("We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."). The limitation period for filing a section 2255 motion to challenge the judgment of conviction expired one year later, on February 14, 2014. *See Rogers v. United States*, 180 F.3d 349, 355 n.13 (1st Cir. 1999) ("'When a statute of limitations is measured in years, the last day for instituting the action is the anniversary date of the start of the limitations period.'") (quoting *Ross v. Artuz*, 150 F.3d 97, 103 (2d Cir. 1998)). Petitioner filed his section 2255 motion in 2017, after the limitation period on the judgment of conviction had expired.

Petitioner's collateral challenge to the revocation judgment is also not timely under section 2255(f)(1). The revocation judgment became final on January 7, 2015, which was

6

90 days after the October 9, 2014, date on which the First Circuit issued its decision in Petitioner's appeal from the revocation judgment. *See* Rule 13 of the Rules of the Supreme Court of the United States ("Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by . . . a United States court of appeals . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment." The limitation period expired one year later, on January 7, 2016. To the extent Petitioner challenges the revocation judgment in his section 2255 motion, his December 2017 filing was untimely.

Petitioner alleges no facts that implicate section 2255(f)(2), (f)(3), or (f)(4) as to either the judgment of conviction or the revocation judgment.

Petitioner contends he is entitled to the application of the doctrine of equitable tolling of the relevant limitation periods. (Motion, ECF No. 194 at 1.) Petitioner alleges several circumstances interfered with his ability "to function clearly." (ECF No. 199 at 1.) Specifically, Petitioner alleges the following: he was released from prison in New Jersey and flown to Maine in January 2014; he reported to his probation officer, who refused him accommodation in a half-way house; and he experienced a lack of adequate clothing and shelter before he was able to obtain shelter from an apartment manager in return for labor. (ECF No. 199 at 3-4.) Petitioner also alleges that in January 2015, he had an accident at a job site and lost his job, and that in October 2015, while walking, he was hit by a car.

(*Id.* at 5.) Petitioner asserts he was admitted to a psychiatric facility, and he was arrested

for possession of child pornography.[6] (*Id.*)

The First Circuit has held "that section 2255(f) is non-jurisdictional" and that the

one-year limitation period "is subject to equitable tolling in appropriate instances."

*Ramos-Martínez v. United States*, 638 F.3d 315, 321, 322 (1st Cir. 2011). "A habeas

petitioner bears the burden of establishing the basis for equitable tolling. To carry this

burden, the petitioner must show '(1) that he has been pursuing his rights diligently, and

(2) that some extraordinary circumstance stood in his way and prevented timely filing.'"

*Id.* at 323 (citation and quotation marks omitted) (quoting *Holland v. Florida*,

560 U.S. 631, 649 (2010)). "Equitable tolling affords the otherwise time-barred petitioner

an exceedingly narrow window of relief." *English v. United States*, 840 F.3d 957, 958

(8th Cir. 2016) (citation and alteration omitted).

---

[6] In addition to his section 2255 allegations in support of equitable tolling, Petitioner evidently relies on certain filings in support of equitable tolling, including: (1) a document dated September 3, 2013, (although it appears he may intend to refer to a document dated September 8, 2013 (ECF No. 109)); (2) a document dated September 28, 2013 (ECF No. 116); (3) a document dated November 10, 2013 (ECF No. 123); and (4) a document dated January 7, 2014 (ECF No. 133). (Motion, ECF No. 194 at 1.)

None of the documents Petitioner cites supports equitable tolling. Petitioner withdrew the document docketed at ECF No. 109. (Oral Withdrawal of Motion, ECF No. 111.) Petitioner's document docketed at ECF No. 116 was a notice of appeal from the revocation judgment, and a pro se motion to appoint new counsel (the Court docketed the motion for new counsel at ECF No. 117); this Court did not decide the motion to appoint new counsel, but rather forwarded it to the First Circuit. (Order, ECF No. 140 at 2 & n.1.) Petitioner's document docketed at ECF No. 123 was a letter dated November 10, 2013, in which Petitioner alleges that by letter dated September 3, 2013, he appealed from the judgment of conviction; the Clerk's Office responded by letter to Petitioner (ECF No. 123-1) stating in part: "The only notice of appeal received in the above case was on October 1, 2013 and dated by you on September 28, 2013. This appeal was for the Revocation Judgment entered September 24, 2013." (Letter, ECF No. 123-1.) Petitioner's document docketed at ECF No. 133, dated January 7, 2014, and entitled "Motion for Notice of Appeal Consideration and Possible Appointment of Counsel," does not support tolling; this Court dismissed without prejudice the motion for appointment of counsel, because the First Circuit had granted Petitioner's request for new counsel on appeal. (Order, ECF No. 140 at 3-4.)

Because equitable tolling must be based on circumstances that prevented timely filing, allegations in support of equitable tolling necessarily must relate, at least in part, to circumstances that existed during the limitation period. *See id.* As discussed above, the relevant periods of limitation in Petitioner's case are from February 14, 2013, to February 14, 2014, for a section 2255 motion based on the judgment of conviction, and from January 7, 2015, to January 7, 2016, for a section 2255 motion based on the revocation judgment.

Although Petitioner alleges certain events occurred at various times between January 2014 and January 2015, he fails to allege why he was unable to file his section 2255 motion during other periods of time within the relevant limitation periods. The Court need not determine whether any of Petitioner's allegations would constitute the extraordinary circumstances required to justify the application of equitable tolling because Petitioner has failed to account for all or even most of the relevant limitation periods.

In sum, Petitioner did not file his section 2255 motion timely under section 2255(f), and he is not entitled to equitable tolling. Dismissal of the Petitioner's section 2255 motion, therefore, is warranted.

## III. CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. In addition, I recommend that the Court deny Petitioner's motion, as amended, for habeas relief under 28 U.S.C. § 2255. (ECF Nos. 194 and 252.) I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there

is no substantial showing of the denial of a constitutional right within the meaning of 28

U.S.C. § 2253(c)(2).

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 28th day of September, 2018.