## UNITED STATES DISTRICT COURT
### DISTRICT OF MAINE

| | | |
|---|---|---|
| ROBERT FREDERICK GOGUEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 1:11-cr-00003-JAW |
| v. | ) | 1:17-cv-00492-JAW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### ORDER AFFIRMING RECOMMENDED DECISION ON
### 28 U.S.C. § 2255 MOTION

The Petitioner objects on various grounds to the Magistrate Judge's recommended decision to deny his habeas corpus petition, including his assertion that at his sentencing hearing, he did not intelligently, knowingly and voluntarily waive the right to contest an eight-level enhancement under the United States Sentencing Guidelines, that his current legal arguments are not barred by the statute of limitations because his current petition relates back to an earlier-filed document, that the Government waived its right to assert the statute of limitations bar because in addition to arguing the bar, it addressed the merits of his petition, that his petition fits within exceptions to the running of the statute of limitations, that the statute of limitations should be equitably tolled, and that he is actually innocent. The Court analyzes each contention and rejects them as unsupported by the record or incorrect on the law.

## I.    BACKGROUND

### A.    Criminal Cases

## 1. *United States v. Goguen – 1:11-cr-00003-JAW*

On January 12, 2011, a federal grand jury indicted Robert Frederick Goguen for failure to register as a sex offender. *Indictment* (ECF No. 1), 1:11-cr-00003-JAW. On July 13, 2011, Mr. Goguen admitted he committed the charged crime, *Min. Entry* (ECF No. 43), and on September 14, 2012, the Court sentenced him to thirty-seven months of incarceration, three years of supervised release, a $100 special assessment and no fine. *J.* (ECF No. 80); *Am. J.* (ECF No. 90). Mr. Goguen did not appeal his conviction or sentence to the Court of Appeals for the First Circuit.

On August 16, 2013, the Government filed a petition on supervised release, alleging a violation of the sex offender treatment condition of his supervised release by downloading pornographic movies at the Penobscot County Judicial Center's law library. *Pet. for Warrant or Summons for Offender under Supervision* (ECF No. 96). On September 23, 2013, Mr. Goguen admitted the violation, and the Court sentenced him to five months of incarceration and thirty-one months of supervised release. *Revocation J.* (ECF No. 113). Mr. Goguen appealed this revocation judgment to the First Circuit claiming that his waiver of rights at the revocation hearing was not knowing and voluntary and that the Court erred in imposing a sex offender treatment condition as one of the conditions of his supervised release. *J. of Court of Appeals for the First Circuit* (ECF No. 142). On October 9, 2014, the First Circuit affirmed the judgment. *Id.*

On November 13, 2015, the Government filed a second petition alleging that Mr. Goguen violated the terms of two conditions of supervised release by possessing

child pornography on his computer. *Pet. for Warrant or Summons for Offender under Supervision* (ECF No. 144). On January 21, 2016, Mr. Goguen filed a memorandum challenging the applicability of the penalty provisions of 18 U.S.C. § 3583(k). *Def.'s Mem. in Opp'n to the Gov't's Req. to Apply the Penalty Ranges under 18 U.S.C. § 3583(k)* (ECF No. 163). After further briefing, on November 2, 2016, the Court issued an order, concluding that Mr. Goguen faced a maximum term of imprisonment on the revocation petition of two years. *Order on Mem. in Opp'n to the Gov't's Req. to Apply the Penalty Ranges under 18 U.S.C. § 3583(k)* (ECF No. 170).

On January 22, 2017, Mr. Goguen filed a motion to suppress evidence from the supervised release proceeding. *Def.'s Mot. to Suppress Evid. Regarding New Crim. Charges and Supervise[d] Release Revocation Hr'g* (ECF No. 174). On May 5, 2017, the Magistrate Judge issued a recommended decision in which he recommended that the Court deny the motion. *Recommended Decision on Mot. to Suppress* (ECF No. 186). After Mr. Goguen objected to the recommended decision, the Court affirmed the recommended decision on June 19, 2017. *Order Affirming the Recommended Decision of the Magistrate Judge* (ECF No. 190). On September 15, 2017, Mr. Goguen admitted to the violations as alleged in the petition for revocation. *Min. Entry* (ECF No. 193).

After multiple motions to continue the sentencing hearing, the hearing was scheduled for February 13, 2019 at the same time as the sentencing hearing on the new criminal charge in *United States v. Goguen*, 1:16-cr-00167-JAW. However, in this case and on the new criminal charge, on February 5, 2019, Mr. Goguen's counsel

3

filed a motion for leave to withdraw as counsel citing a conflict of interest mandating his withdrawal. *United States v. Goguen*, 1:16-cr-00167-JAW, *Def.'s Ex Parte Mot. for Leave to Withdraw as Counsel* (ECF No. 109); *United States v. Goguen*, 1:11-cr-00003-JAW, *Def.'s Ex Parte Mot. for Leave to Withdraw as Counsel* (ECF No. 277). On February 7, 2019, the Court granted the motion to withdraw and continued the sentencing hearing on both cases. *United States v. Goguen*, 1:16-cr-00167-JAW, *Order* (ECF No. 110); *United States v. Goguen*, 1:11-cr-00003-JAW, *Order* (ECF No. 278).

### 2. *United States v. Goguen – 1:16-cr-00167-JAW*

Although not directly relevant to the pending objection, on December 14, 2016, a federal grand jury indicted Mr. Goguen for possession of child pornography, an alleged violation of 18 U.S.C. § 2252A. *Indictment* (ECF No. 1), 1:16-cr-00167-JAW. There was a delay between the indictment and the guilty plea because Mr. Goguen filed a motion to suppress evidence and a motion in limine. After these motions were resolved, on September 15, 2017, Mr. Goguen pleaded guilty to this charge. *Min. Entry* (ECF No. 64). Mr. Goguen's sentencing hearing was delayed while the Court considered his argument about the legal impact of his prior state of Connecticut conviction in 1996 for sexual assault in the second degree. *See Def.'s Mem. in Opp'n to the App. of the Mandatory Minimum under 18 U.S.C. § 2252A(b)(2)* (ECF No. 83); *Gov't Resp. to Def.'s Mem. in Opp'n to the App. of the Mandatory Minimum under 18 U.S.C. § 2252A(b)(2)* (ECF No. 86); *Def.'s Reply to Gov't Resp. to App. of Mandatory Minimu*m (ECF No. 90). On November 16, 2018, the Court concluded that Mr.

Goguen's prior Connecticut conviction constitutes a qualifying prior offense that triggers the mandatory ten-year imprisonment penalty under § 2252A(b)(2).  *Order on Def.'s Mem. in Opp'n to Appl. of the Mandatory Minimum Under 18 U.S.C. § 2252A(b)(2)* (ECF No. 92).

**B.** **Robert Goguen v. United States – 1:17-cv-00492-JAW**

On December 15, 2017, Mr. Goguen filed a pro se motion to vacate, set aside or correct his sentence for his failure to register as a sex offender conviction pursuant to 28 U.S.C. § 2255.  *Mot. to Vacate, Set Aside or Correct Sentence* (ECF No. 194).  On December 21, 2017, the Magistrate Judge ordered Mr. Goguen to file his § 2255 motion on a proper form, *Order to File Mot. to Vacate, Set Aside or Correct Sentence on Proper Form* (ECF No. 195).  On December 29, 2017, Mr. Goguen filed additional paperwork in support of his challenge to his original sentence, his first revocation, and the decision on his appeal.  *Supplement to Mot. to Vacate, Set Aside or Correct Sentence* (ECF No. 199).   On January 26, 2018, the Magistrate Judge ordered the Government to respond to Mr. Goguen's 28 U.S.C. § 2255 motion.  *Order to Answer* (ECF No. 201).  After Mr. Goguen amended his § 2255 motion, the Government answered and moved to dismiss his motion on March 26, 2018.  *Gov't's Mot. to Summarily Dismiss Pet'r's § 2255 Pet., Resp. to § 2255 Pet., and Resp. to Pet'r's Disc. Filing* (ECF No. 220) (*Gov't's Opp'n*).  On April 20, 2018, Mr. Goguen filed a reply to the Government's response.  *Reply to Gov't's Resp. to 2255* (ECF No. 227).   On September 24, 2018, Mr. Goguen filed an amended § 2255 motion.  *Second Further Amendment to [§] 2255* (ECF No. 252).

On September 28, 2018, the Magistrate Judge recommended that the Court deny Mr. Goguen's § 2255 motion. *Recommended Decision on 28 U.S.C. § 2255 Motion* (ECF No. 253) (*Recommended Decision*). After the Court granted Mr. Goguen's requests for an extension of time to file his objection to the Recommended Decision, *Letter* (ECF No. 254); *Order* (ECF No. 255); *Mot. to Extend Time to File Obj. to Recommended Decision* (ECF No. 258); *Order* (ECF No. 259), on November 27, 2018, Mr. Goguen filed his objection. *Obj. to the Magistrate[']s Recommendation* (ECF No. 261) (*Pet'r's Obj.*). On December 10, 2018, the Government responded to Mr. Goguen's objection, directing the Court to its previous arguments raised in its opposition memorandum to Mr. Goguen's § 2255 motion. *Gov't's Resp. to Pet'r's Obj. to Magistrate Judge's Recommended Decision* (ECF No. 263).

## II. THE RECOMMENDED DECISION

The Magistrate Judge concluded that neither Mr. Goguen's challenge to his conviction nor to his revocation was timely under any of the provisions of 28 U.S.C. § 2255(f).[1] *Recommended Decision* at 6-7 ("[T]he judgment of conviction was entered

---

[1]    Section 2255(f) provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

on January 31, 2013; because Petitioner did not appeal, the judgment became final 14 days later, on February 14, 2013 . . . [t]he limitation period for filing a section 2255 motion . . . expired one year later . . . Petitioner filed his section 2255 motion in 2017 . . . ."); ("The revocation judgment became final on January 7, 2015, which was 90 days after the October 9, 2014, [the] date on which the First Circuit issued its decision [on] Petitioner's appeal from the revocation judgment . . . [t]he limitation period expired one year later . . . [Petitioner's] December 2017 filing was untimely"). The Magistrate Judge determined that Mr. Goguen had not asserted any facts to implicate subsections (2)-(4) of section 2255. *Id.* at 7.

The Magistrate Judge dismissed Mr. Goguen's equitable tolling arguments for the relevant limitation periods. *Id.* The Magistrate Judge acknowledged that equitable tolling, in appropriate instances, can toll § 2255(f)'s one-year limitation period. *Id.* at 8 (quoting *Ramos-Martínez v. United States*, 638 F.3d 315, 321, 322 (1st Cir. 2011)). The Magistrate Judge noted that for equitable tolling to apply, it "must be based on circumstances that prevented timely filing, allegations in support of equitable tolling necessarily must relate, at least in part, to circumstances that existed during the limitation period." *Id.* at 9 (*citing English v. United States*, 840 F.3d 957, 958 (8th Cir. 2016)). After a thorough review of Mr. Goguen's motion, the Magistrate Judge concluded that "he fails to allege why he was unable to file his

---

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

section 2255 motion during other periods of time within the relevant limitation periods, [February 14, 2013, to February 14, 2014, for his judgment of conviction, and from January 7, 2015, to January 7, 2016, for his revocation judgment]". *Id.*

## III. THE POSITIONS OF THE PARTIES

### A. Mr. Goguen's Objection

In his twenty-five-page objection, Mr. Goguen advances several bases for why the Magistrate Judge's Recommended Decision was incorrect. *See generally Pet'r's Obj.* at 1-25. He asserts "background corrections" to the Magistrate Judge's Recommended Decision. *Id.* at 1-2. Specifically, Mr. Goguen contends that the Magistrate Judge speculates that he "willfully, intel[l]igently, and voluntarily waived" the right to contest the eight-point enhancement at his sentencing and he makes various disparaging remarks about his counsel at his sentencing hearing. *Id.* at 1.

Next, Mr. Goguen claims he was not untimely in challenging his revocation judgment because he mistitled a previous motion to the Court, *Notice for Notice of Appeal Consideration and Possible Appointment of Counsel* (ECF No. 133) (*Notice for Notice of Appeal*), that this previous motion is "nearly identical in nature, context, and substance" to his § 2255 motion. *Id.* at 2-3. Mr. Goguen acknowledges that the Government asserts that his motion is untimely, but he says that the Government waived this argument because it also directed the Court to the merits of his motion. *Id.* at 3 (citing *Wood v. Milyard*, 132 S. Ct. 1826 (2012)). Under the header "Statutory Exceptions [§] 2255(f)(3)," Mr. Goguen states he is not sure what new rights might be

available for him but that he did previously raise two qualifying rights. *Id.* at 4 (citing *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018); *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016)). He argues these cases satisfy § 2255(f)(3). *Id.*

Mr. Goguen claims that he was denied the assistance of counsel at various critical stages of his criminal case because he says his court appointed counsel was "disloyal." *Id.* at 5. He argues that his counsel "over[ode] his decision to withdraw his [innocent] plea . . .." *Id.* Mr. Goguen contends that the prosecution and his attorney plotted to deprive him of his constitutional rights and that the prosecutor lied about his eight-point enhancement. *Id.* at 6. He says such conduct satisfies § 2255(f)(4). *Id.*

Mr. Goguen avers that the Magistrate Judge's analysis supporting his conclusion that equitable tolling is inapplicable to his motion is incorrect. *Id.* at 8. Mr. Goguen says that "[t]he relevant question for equitable tolling purposes is w[h]ether petitioner took some type of action in pursuing his rights", *id.* (citing *Holes v. Spencer*, 822 F.3d 609 (1st Cir. 2016)), and that "[a]ttorney misconduct and negligence warrants equitable tolling." *Id.* (citing *Holland v. Florida*, 560 U.S. 631, 653 (2010)*; Ramos-Martinez v. United States*, 638 F.3d 315, 323-24 (1st Cir. 2001) (alterations in ordering)). As for evidence that he was pursuing his rights between February 14, 2013 to February 14, 2014 and from January 7, 2015 to January 7, 2016, Mr. Goguen says on February 21, 2013, his counsel sent him civil rights paperwork but had not completed his "criminal document request"; and that from February 14, 2013 to May 11, 2013 he was "in solitary confinement with no documents, [or] access

to proper materials . . ..” *Id.* at 8-9. Mr. Goguen blames the Court complimenting his attorney as the reason why he did not follow through on his request for new counsel. *Id.* at 9 (citing *Appointment of Counsel* (ECF No. 109)). Mr. Goguen argues his “disloyal attorney never proceeded in any manner concerning [his] desires for an appeal.” *Id.* at 10.

Mr. Goguen lists various claimed personal impediments to support his equitable tolling argument, and argues that his lack of attorney-client relationship constitutes a sufficient external impediment to equitably toll § 2255(f)’s one-year filing period. *Id.* at 11-12. Mr. Goguen contends that he meets the “miscarriage of justice” exception as his SORNA violation conviction was invalid because he did not violate SORNA “knowingly.” *Id.* at 13-15. Mr. Goguen disputes the Magistrate Judge’s conclusion that the Court lacked jurisdiction over his claims stemming from his 1996 Connecticut conviction “because [he] does not allege he was in custody under the 1996 judgment when he filed his habeas petition in this Court; the prosecution version states he was released from ‘custody’ . . ..” *Id.* at 15 (citing *Recommended Decision* at 1-2 n.1). He claims that he is actually innocent because his 1996 Connecticut conviction is unconstitutional and void, and therefore he is also innocent of his SORNA violation conviction. *Id.* at 16. Mr. Goguen attacks the special conditions imposed on him, arguing that it was “an abuse of authority to impose, without court review, independent conditions, judgment then that cedes the judiciary’s exclusive sentencing power to a probation officer . . ..” *Id.* at 17. Mr. Goguen claims that the Magistrate Judge never read his motion and therefore

overlooked various parts of his arguments. *Id.* at 18.

Mr. Goguen asks for a certificate of appealability if the Court were to find his arguments unpersuasive. *Id.* at 20. Lastly, Mr. Goguen conducts a plain error review of his sentencing guideline calculations to illustrate that there was a miscalculation warranting relief under Rule 52(b). *Id.* at 20-22.

### B. Government's Opposition

The Government contends that Mr. Goguen's § 2255 motion is untimely under § 2255(f)(1) for both his underlying conviction and his revocation judgment. *Gov't's Opp'n* at 4-6.[2] The Government argues that "the exceptions stated in §2255(f)(2), (3), and (4) do not apply to the petitioner's §2255 [p]etition." *Id.* at 6. As for the merits of Mr. Goguen's petition, the Government says Mr. Goguen's claims of ineffective assistance of counsel are "self-serving and unsubstantiated" and belied by the record and his own statements to the Court. *Id.* at 7-8. As for Mr. Goguen's other arguments, the Government contends they either rehash arguments previously decided and dismissed by the Court or are otherwise fatally flawed. *Id.* at 8-9.

## IV. DISCUSSION

### A. Background Corrections

Mr. Goguen claims that the Magistrate Judge speculated that he willfully, intelligently, and voluntarily waived contesting the eight-level sentencing enhancement, pursuant to United States Sentencing Guidelines (U.S.S.G.) §

---

[2]      The Court refers to the ECF numbering for pincites because the Government's opposition memorandum is not paginated.

2A3.5(a)(2) as part of the guideline calculations for his failure to register as a sex offender conviction. *Pet'r's Obj.* at 1.

In his objection, Mr. Goguen grossly mischaracterizes what occurred at his September 14, 2012 sentencing hearing. Mr. Goguen claims that he wanted to object to the eight-level enhancement but was coerced into conceding due to his "disloyal attorney" and the Court's "incorrect instructions and strong language." *Id.* The Court rejects Mr. Goguen's allegations as highly inaccurate.

To place this issue in context, Mr. Goguen was subject to the eight-level enhancement if the Court determined that he committed the crime of unlawful sexual contact while he was in failure to register status. *Tr. of Proceedings*, 3:21-4:10 (ECF No. 197) (*Sentencing Tr.*). The Probation Office recommended the eight-level enhancement. *Id.* Mr. Goguen correctly points out that before the sentencing hearing itself, he had objected to the imposition of the eight-level enhancement and that this was his position at the outset of the sentencing hearing. *Pet'r's Obj.* at 1. As the Court confirmed at the beginning of the hearing, Mr. Goguen initially "object[ed] to the eight-level enhancement, and you den[ied] committing the offense of unlawful sexual contact." *Sentencing Tr.* 4:15-18.

When the issue arose at the sentencing hearing, the Court carefully explained to Mr. Goguen the significance of the eight-level enhancement and his decision to contest the allegation of unlawful sexual contact. *Id.* 3:15-9:3. The Government informed the Court that the nine-year-old girl who was the alleged victim of Mr. Goguen's unlawful sexual contact was in the courthouse, and the Government was

prepared to call her to testify against Mr. Goguen at the sentencing hearing. *Id.* 6:16-17.

Given the possibility that the Government would call the alleged victim, the Court took the time to explain to Mr. Goguen the possible ramifications of his decision either to contest or to admit the allegation of unlawful sexual contact. *Id.* 3:15-9:3. Depending on the Court's findings, Mr. Goguen faced ten to sixteen months to sixty-three to seventy-eight months in prison. *Id.* 3:15-9:3. The Court took pains to outline the issues, including the fact that the burden of proof to demonstrate the unlawful sexual contact for federal sentencing purposes was going to be more likely than not, not beyond a reasonable doubt. *Id.* 5:17-24. The Court reviewed for Mr. Goguen's benefit, the elements of unlawful sexual contact that the Government would have to prove. *Id.* 5:25-6:14. The Court informed Mr. Goguen that if the little girl testified and implicated him in the alleged crime, he would have to decide whether to take the stand and deny the allegations. *Id.* 7:23-8:10. The Court reviewed the possibility that he could be denied the three-level reduction for acceptance of responsibility and could face a two-level enhancement for obstruction of justice, if the Court believed the little girl and concluded that Mr. Goguen had lied on the stand. *Id.* 8:11-9:3. At the same time, the Court told Mr. Goguen that if he was successful in defending the unlawful sexual contact allegation, his guideline range would be only ten to sixteen months. *Id.* 5:14-16. The Court told Mr. Goguen that it was not "prejudging this because I don't know anything about this other than the fact that it's been charged." *Id.* 8:11-13. After carefully reviewing with Mr. Goguen his alternatives and the

implications of his choices, the Court allowed Mr. Goguen to meet with his defense counsel. *Id.* 9:5-10:13.

After Mr. Goguen spent almost an hour with his defense lawyer, he returned to Court. *Id.* 10:15. The Court asked his defense lawyer whether Mr. Goguen had arrived at a position regarding the proposed eight-level enhancement and his defense lawyer responded:

> Well, it - - your Honor, I believe - - as the court's aware, we spoke quite a while. I believe Mr. Goguen has decided not to press ahead with the hearing this morning to challenge the eight-point enhancement. I - - I think perhaps the court should inquire of Mr. Goguen just to make sure that - - that he has reached that decision.

*Id.* 10:20-25. The Court turned to Mr. Goguen and said:

> THE COURT: Mr. Goguen, would you stand. Mr. Goguen, we went through, in some detail this morning, what the issue would be, and you do understand the issue. The issue is whether you do get an enhancement, as recommended by the probation office, of eight levels for having committed a sex offense while in sex offender status. Do you understand that's the issue?
>
> THE DEFENDANT: I do.
>
> THE COURT: Do you wish to have a hearing on that issue, or do you wish to concede that you committed a sex offense - - that it's more likely than not that you committed a sex offense while in sex offender status"
>
> THE DEFENDANT: I don't dispute it.

*Id.* 11:2-13.

The Court then expressly asked Mr. Goguen whether he had read and understood the contents of the Presentence Investigation Report (PSR), which had included the unlawful sexual contact allegation and the eight-level enhancement. Mr. Goguen confirmed that he had read and understood the PSR. *Id.* 12:16-18. The

Court expressly asked Mr. Goguen whether he believed there was anything in the PSR that was inaccurate or incorrect. Mr. Goguen replied, "No, Your Honor." *Id.* 12:24-13:2.

Following this colloquy, the Court heard from the prosecutor and from Mr. Goguen's attorney. The prosecutor pointed out to the Court that Mr. Goguen deserved "enormous credit for the decision he has made here today to prevent or take away the need for that little girl to take the stand and testify here in court." *Id.* 19:16-18. Mr. Goguen's defense lawyer also urged the Court to give Mr. Goguen credit for not requiring testimony from the girl. *Id.* 20:1-10.

The Court made guideline calculations that included the eight-level enhancement for having committed a sex offense against a minor while in failure to register status and Mr. Goguen's counsel did not object to those guideline calculations. *Id.* 22:16-23:13. The resultant guideline sentence range was thirty-seven to forty-six months of incarceration. *Id.* 22:25-26:2. The Court also expressly credited Mr. Goguen with his decision not to require the little girl to testify. *Id.* 28:4-12. Further, as the Court noted, as a result of acknowledging the sex offense against a minor enhancement, he received a credit for the 622 days he had spent in state custody related to that offense. *Id.* 28:17-29:3. Facing a thirty-seven to forty-six-month guideline range, Mr. Goguen was sentenced to a sentence of sixteen months once the credit for the time in state custody was given. *Id.* 38:9-12.

In sum, as the transcript of the sentencing hearing demonstrates, contrary to Mr. Goguen's current assertion, the Magistrate Judge did not "speculate" about

whether Mr. Goguen had voluntarily and knowingly waived his right to contest the eight-level enhancement. At the sentencing hearing, Mr. Goguen with full knowledge of the alternatives consciously elected not to dispute the charge that he had engaged in unlawful sexual contact while in failure to register status. Mr. Goguen's claim to the contrary rewrites history. In addition, the Court rejects Mr. Goguen's argument that the Court improperly instructed him when it told him that the Government was "not going to have to be required to prove this crime beyond a reasonable doubt." *Pet'r's Obj.* at 1 (quoting *Sentencing Tr.* 5). As the First Circuit has written, "[i]t is the government's burden at sentencing to prove sentencing enhancement factors by a preponderance of the evidence." *United States v. Lacouture*, 835 F.3d 187, 189–90 (1st Cir. 2016) (citation omitted).

### B.    Legal Arguments

#### 1.    Relation Back

Mr. Goguen's legal arguments for why the Court should reject the Recommended Decision lack merit. Mr. Goguen contends his Notice for Notice of Appeal suffices to make his § 2255 motion timely because he says the documents are "nearly identical." *Pet'r's Obj.* at 2-3 (citing *Smoak v. United States*, 12 F. Supp. 3d 254 (D. Mass. 2015)). Although not obvious, Mr. Goguen appears to suggest that his present § 2255 motion "relates back" to his Notice for Notice of Appeal, making his § 2255 timely. *See id.* at 2-3.

In *Mayle v. Felix*, 545 U.S. 644 (2005), the United States Supreme Court stated, "[s]o long as the original and amended petitions state claims that are tied to a

common core of operative facts, relation back will be in order." *Id.* at 664; *see also United States v. McCurdy*, No. 1:06-CR-00080-JAW, 2013 WL 5431448, at *19 (D. Me. Sept. 27, 2013) (" [In *Mayle*] the Supreme Court held that an amendment to a habeas petition did not relate back when it stated a claim under a different Bill of Rights amendment from that claimed as a ground in the original petition") (citing *Mayle*, 545 U.S. at 648-49). In *Smoak*, the petitioner sought to "relate back" an untimely memorandum to his timely § 2255 motion. *Smoak*, 12 F. Supp. 3d at 262. The Court compared the petitioner's timely habeas petition and his untimely memorandum, and dismissed those claims as barred by the statute of limitations based on arguments or facts not previously raised in the timely habeas petition. *Id.* at 262-64.

Mr. Goguen's § 2255 motion does not relate back to his Notice for Notice of Appeal because his Notice for Notice of Appeal was not a habeas petition which he could relate back his present § 2255 motion claims. As the Magistrate Judge outlined, "Petitioner's document docketed at ECF No. 133, dated January 7, 2014, and entitled "Motion for Notice of Appeal and Possible Appointment of Counsel," . . . was . . . dismissed without prejudice . . . because the First Circuit had granted Petitioner's request for new counsel on appeal." *Recommended Decision* at 3.

Mr. Goguen attempts to avoid this conclusion by stating that "it is undeniable that [he] mistitled" the motion and that it "was mischaracterized by the courts." *Pet'r's Obj.* at 2-3. The Court disagrees. Federal Rule of Civil Procedure 15(c) is applicable to habeas petitions and allows a petitioner to amend a pleading after the statute of limitations has run to "relate back" to the original pleading if certain factors

are present.  FED. R. CIV. P. 15(c); *Mayle*, 545 U.S. at 655.  "The 'original pleading' to which Rule 15 refers is the complaint in an ordinary civil case, and the petition in habeas proceeding." *Ross v. Williams*, 896 F.3d 958, 963 (9th Cir. 2018) (citing *Mayle*, 545 U.S. at 655) "The relation back provision in habeas petitions is strictly construed." *Turner v. United States*, 699 F.3d 578, 585 (1st Cir. 2012) (citing *United States v. Ciampi*, 419 F.3d 20, 23 (1st Cir. 2005)).  "Whether a new claim relates back is a matter of within the district court's discretion, as the decision is reviewed for an abuse of discretion." *See id.*  Even overlooking the title of his Notice for Notice of Appeal, the substance of this document was to file an appeal and have counsel appointed, not to serve as a § 2255 filing. *See Notice for Notice of Appeal* ("I, Robert Goguen, am the defendant in the above matter and hereby request this court to accept my notice of appeal as timely and to appoint counsel"); *see also Order on Mot. for Recons., Mot. for Possible Appointment of Counsel, and Mot. for Release of Seized Property*, at 4 (ECF No. 140) ("This letter suggests that the Court of Appeals for the First Circuit has appointed Attorney Gail Latouf . . . to represent Mr. Goguen on appeal and in fact the First Circuit docket reflects that it granted Mr. Goguen's request for new counsel on appeal on October 10, 2013, appointing Attorney Latouf"); *United States v. Robert Goguen*, No. 13-2230, slip op. at 1 (1st Cir. Oct. 10, 2013) ("Appellant's request for appointment of new counsel on appeal . . .").[3]

---

[3]     The First Circuit ultimately found "no error, let alone plain error" in regard to Mr. Goguen's "waiver of rights respecting his revocation hearing . . .." *United States v. Robert Goguen*, No. 13-2230, *J.*, at 1 (1st Cir. Oct. 9, 2014).

Mr. Goguen's broad application of Rule 15, moreover, would amount to a "judicial rescission" of the Anti–Terrorism and Effective Death Penalty Act of 1996's (AEDPA) statute of limitations. *See United States v. Espinoza,* 235 F.3d 501, 505 (10th Cir. 2000) (outlining concerns of an overly broad application of Rule 15 to habeas petitions); *Pelletier v. United States*, No. 1:06-cr-00058-JAW, 1:13-cv-00202-JAW, 2014 WL 12687734, at *10 (D. Me. June 17, 2014) ("A petitioner may not use an amended petition as a way to circumvent the limitations period set forth in 28 U.S.C. § 2255"), *report and recommendation adopted*, No. 1:06-cr-00058-JAW-01, 2015 WL 7458522 (D. Me. Nov. 24, 2015). The Court concludes that Mr. Goguen's § 2255 motion does not relate back to his Notice for Notice of Appeal.

### 2. Waiver

Mr. Goguen is incorrect that the Government waived its statute of limitations argument. *Pet'r's Obj.* at 3. Mr. Goguen acknowledges the Government raised a statue of limitations argument, but he argues the Government waived the statute of limitations defense by addressing the merits of his § 2255 motion. *Id.* at 3 (citing *Wood v. Milyard*, 566 U.S. 463 (2012)). In *Wood*, the Supreme Court held that, "courts of appeals, like district courts, have the authority . . . to raise a forfeited timeliness defense on their own initiative . . . [and that] appellate courts should reserve that authority for use in exceptional cases." *Id.* at 473. Here, the Court concludes the Government did not waive its statute of limitations argument by also addressing the merits of Mr. Goguen's appeal. *See Gov't's Opp'n* at 4-6; *Gov't's Resp. to Pet'r's Obj. to Magistrate Judge's Recommended Decision* at l; *Wood*, 566 U.S. at 474 ("Waiver is the

intentional relinquishment or abandonment of a known right") (internal punctuation and citation omitted)).

### 3. Section 2255(f)(3)-(4)

Mr. Goguen's arguments under § 2255(f)(3)-(4) are also not persuasive. The one-year statute of limitations to file a § 2255 motion begins to run from the latest of:

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f)(3)-(4). Mr. Goguen cites *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018) and *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), as applicable to his petition and falling under § 2255(f)(3). *Pet'r's Obj.* at 3-4. Putting aside whether these cases created a newly recognized right retroactively applicable to habeas petitions, prerequisites for § 2255(f)(3), *see Butterworth v. United States*, 775 F.3d 459, 463 (1st Cir. 2015), both cases are distinguishable from Mr. Goguen's case.

In *McCoy*, the defendant expressly told his attorney not to concede that he committed triple murders, but in the attorney's opening statement at the guilt phrase of the defendant's trial, his attorney "told the jury there was no way reasonably possible that they could hear the prosecution's evidence and reach any other conclusion than Robert McCoy was the cause of these individuals' deaths.'" 138 S. Ct. at 1506 (internal quotation marks omitted). The Supreme Court concluded that the attorney violated his client's Sixth Amendment rights and held that "a defendant

has the right to insist that counsel refrain from admitting guilt, even when counsel's experienced-based view is that confessing guilt offers the defendant the best chance to avoid the death penalty." *Id.* at 1505. *Montgomery* concerned whether the Supreme Court's holding in *Miller v. Alabama*, 567 U.S. 460 (2012), where the Supreme Court held that, absent special circumstances, a juvenile could not be sentenced to life in prison without parole, was retroactively applicable "on collateral review to people condemned as juveniles to die in prison." 136 S. Ct. at 727.

Neither is applicable to Mr. Goguen. Mr. Goguen was not sentenced as a juvenile, and the record shows his previous counsel did not override his autonomy. On July 14, 2011, Mr. Goguen pleaded guilty to failure to register as a sex offender in violated of SORNA, 18 U.S.C. § 2250(a). *Min. Entry* (ECF No. 43). At that hearing, Mr. Goguen stated that he was pleading guilty because he was actually guilty, that he understood he was giving up various constitutional rights, and no one had made any promises to him an effort to get him to plead guilty. *Tr. of Proceedings* 5:21-6:4, 10:3-11:21, 16:6-8 (ECF No. 156) (*2011 Tr.*). On September 23, 2013, Mr. Goguen admitted to violating the conditions of his supervised release and waived his right to a hearing. *Min. Entry* (ECF No. 112). At that revocation hearing, Mr. Goguen withdrew his motion for the appointment of new counsel, conceded that he violated his terms of supervised release, and expressed remorse for his actions. *Tr. of Proceedings* 2:14-18, 6:1-4, 14:16-18 (ECF No. 139) (*2013 Tr.*). Mr. Goguen has not implicated § 2255(f)(3) for either his judgment of conviction or the revocation judgment. *See United States v. Butt,* 731 F.2d 75, 80 (1st Cir. 1984) (quoting

*Crawford v. United States,* 519 F.2d 347 (4th Cir. 1975) ("[A] defendant should not be heard to controvert his Rule 11 statements in a subsequent § 2255 motion unless he offers a valid reason why he should be permitted to depart from the apparent truth of his earlier statements") (alterations omitted)).

Section 2255(f)(4) "runs not from when the prisoner discovers the legal consequences of the facts supporting his claim but from when the prisoner could reasonably have discovered the underlying facts themselves." *United States v. Aguilar-Alvarez,* No. 1:08-cr-10123-DJC, 2015 WL 8082369, at *3 (D. Mass. Dec. 7, 2015) (internal quotation marks and citation omitted) (alterations in original); *see also United States v. Pollard*, 416 F.3d 48, 55 (D.C. Cir. 2005) (rejecting prisoner's argument that his petition was timely under § 2255(f)(4) because "[w]hether an attorney should have performed a particular task drives the legal inquiry into the existence of an ineffective-assistance-of-counsel claim") (emphasis omitted).  "To the extent the petitioners attempt to argue that § 2255(f)(4) applies, their argument is unavailing because the discovery of a new legal theory does not constitute a discoverable 'fact' for purposes of § 2255(f)(4)." *Barreto–Barreto v. United States*, 551 F.3d 95, 99 n.4 (1st Cir. 2008); *Miles v. United States*, 1:10–cr–00076–JAW, No. 1:13–cv–00382–JAW, 2014 WL 1404561, at *5 (D. Me. Apr. 10, 2014) (rejecting petitioner's § 2255(f)(4) argument because he asserted "no facts that were discovered through the exercise of due diligence").  Mr. Goguen's objection does not show newly discovered facts, but either repeats previously raised legal arguments or asserts new legal theories, neither of which satisfy § 2255(f)(4).

### 4.    Equitable Tolling

Nor is Mr. Goguen entitled to equitable tolling for § 2255(f)'s statute of limitations.  Mr. Goguen originally filed his § 2255 motion in 2017.  *Mot. to Vacate, Set Aside or Correct Sentence* at 1.  Mr. Goguen's judgment of conviction became final on February 14, 2013, making the relevant period for equitable tolling purposes from February 14, 2013 to February 14, 2014.  *See* FED. R. APP. P. 4(b)(1)(A); *Clay v. United States*, 537 U.S. 522, 532 (2003).  The relevant time period for his revocation judgment is from January 7, 2015, to January 7, 2016, because his January 7, 2015, was ninety days after the First Circuit's decision on his appeal from revocation judgment.  *See* Rule 13 of the Rules of the Supreme Court of the United States.  The Magistrate Judge thoroughly explained the equitable tolling standard for § 2255:

> The First Circuit has held "that section 2255(f) is non-jurisdictional" and that the one-year limitation period "is subject to equitable tolling in appropriate instances." *Ramos-Martínez*, 638 F.3d at 321-22. "A habeas petitioner bears the burden of establishing the basis for equitable tolling. To carry this burden, the petitioner must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Id.* at 323 (citation and quotation marks omitted) (quoting *Holland*, 560 U.S. at 649). "Equitable tolling affords the otherwise time-barred petitioner an exceedingly narrow window of relief." *English v. United States*, 840 F.3d 957, 958 (8th Cir. 2016) (citation and alteration omitted).  Because equitable tolling must be based on circumstances that prevented timely filing, allegations in support of equitable tolling necessarily must relate, at least in part, to circumstances that existed during the limitation period.  *See id* [; *see also Dixon v. United States*, 729 F. App'x 16, 19 (1st Cir. 2018) (per curiam) ("Put simply, the petitioner must satisfy the court that circumstances beyond his control prevented him from filing his motion within the one-year window provided by section 2255(f)"].

"Equitable tolling should be invoked only 'sparingly.'"  *Ramos-Martinez*, 638 U.S. at 323.

Mr. Goguen's equitable tolling arguments in his objection track his previous arguments in his § 2255 motion, which the Magistrate Judge reviewed and dismissed. *Compare Pet'r's Obj.* at 7-12 *with Recommended Decision* at 7-9. Mr. Goguen says "[t]he relevant questions for equitable tolling [are] w[h]ether petitioner took some type of action in pursuing his rights, *Holmes v. Spencer*, 822 F.3d 609 (1st Cir. 2016). Attorney misconduct or negligence warrants equitable tolling." *Pet'r's Obj.* at 8. Contrary to Mr. Goguen's assertion, it is not enough for a petitioner to take "some action," rather it is the petitioner's burden to show he was "diligently" pursuing his rights, and that "some extraordinary circumstance stood in his way and prevented timely filing." *Ramos-Martinez*, 638 U.S. at 323.

Although Mr. Goguen makes various complaints about the United States Probation Office, his conditions upon release from prison in 2014, and his legal representation, as the Magistrate Judge concluded, Mr. Goguen has not adequately alleged why he was prevented from filing his § 2255 motion within the relevant limitation periods. *Pet'r's Obj.* at 9-11. Moreover, Mr. Goguen's claims about his previous counsel, which are either contradicted by the record or conclusory and not supported, do not show an extraordinary circumstance which prevented him from timely filing. *See Holland*, 560 U.S. at 652 ("a garden variety claim of excusable neglect . . . does not warrant equitable tolling"); *Lawrence v. Florida,* 549 U.S. 327, 336-37 (2007); *see also United States v. McGill,* 11 F.3d 223, 225 (1st Cir. 1993) (stating that a court, in deciding whether to hold a 2255 evidentiary hearing, "need

not give weight to conclusory allegations, self-interested characterizations, discredited inventions, or opprobrious epithets").

### 5. Actual Innocence Exception

Mr. Goguen also asserts that his § 2255 motion should be granted because he is actually innocent. *Pet'r's Obj.* at 12-17. "An actual innocence claim is a gateway through which a habeas petitioner may have his otherwise barred constitutional claim considered on the merits." *Barreto-Barreto,* 551 F.3d at 102 (internal punctuation omitted) (quoting *Schlup v. Delo,* 513 U.S. 298, 315 (1995) (quoting *Herrera v. Collins,* 506 U.S. 390, 404 (1993))). To succeed, a "petitioner must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* (citation and internal quotation marks omitted). Moreover, the petitioner needs to show "factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623 (1998). Whether the actual innocence operates as an exception to § 2255(f)'s statute of limitations is undecided in the First Circuit. *See Barreto-Barreto*, 551 F. 3d at 102 ("We have not adopted an actual innocence exception to § 2255's one-year limitations period in this circuit . . . . We decline to settle this issue here").

However, in 2013, in *McQuiggin v. Perkins*, the Supreme Court held "that a federal habeas court, faced with an actual-innocence gateway claim, should count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown." 569 U.S. 383, 387 (2013). The Supreme Court reiterated that this exception "applies

to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted the petitioner.'" *Id.* at 395 (alterations in original) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)); *see also Miles v. United States*, No. 1:10-cr-00076-JAW, 2014 WL 1404561, at *5 (D. Me. Apr. 10, 2014) (discussing *McQuiggin*); *Collado v. United States*, No. 1:03-cr-10404-PBS, 2013 WL 3943522, at *2 n.2 (D. Mass. July 29, 2013) (quoting *McQuiggin*, 569 U.S. at 395) ("Petitioner must persuade the district court that, 'in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt'"). Mr. Goguen has not shown that he falls under this "severely confined category" because he has not produced new evidence showing factual innocence, but to support his argument he only rephrases legal arguments previously considered in this order, earlier hearings, or other orders by the Court. *See Barreto-Barreto*, 551 F. 3d at 102.

### 6.    Remaining Arguments

Mr. Goguen's remaining arguments either lack merit or reiterate arguments that the Court and the Magistrate Judge have previously rejected either in this or prior orders. *See Recommended Decision*; *Order on Mem. in Opp'n to the Gov't's Request to Apply the Penalty Ranges Under 18 U.S.C. § 3583(k)* (ECF No. 170); *R & R Decision on Mot. to Suppress* (ECF No. 186); *Order Adopting R & R Decision for Mot. to Suppress* (ECF No. 190)*; Order Overruling Obj. to Magistrate Judge's Order Denying Mot. for Trs. and Disc.* (ECF No. 249); *Order on Def.'s Mem. in Opp'n to Appl.*

*of the Mandatory Minimum Under 18 U.S.C. § 2252A(b)(2)* (ECF No. 92), 1:16-cr-00167-JAW-1.

## V.    CONCLUSION

The Court has reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record. The Court has made a de novo determination of all matters adjudicated by the Magistrate Judge's Recommended Decision. The Court concurs with the recommendations of the United States Magistrate Judge for the reasons set forth in his Recommended Decision, and determines that no further proceeding is necessary.

1. It is therefore ORDERED that the Recommended Decision of the Magistrate Judge be and hereby is AFFIRMED (ECF No. 253).

2. It is further ORDERED that the Petitioner's 28 U.S.C. § 2255 Petition be and hereby is DENIED.

3. It is further ORDERED that no certificate of appealability should issue in the event the Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

SO ORDERED.


/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 7th day of February, 2019