# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 1:11-cr-00003-JAW |
| v. | ) | 1:16-cr-00167-JAW |
| | ) | |
| ROBERT GOGUEN | ) | |

## ORDER ON MOTION TO STAY THE PROCEEDINGS AND REQUEST FOR RELEASE

On May 7, 2020, Robert Goguen, acting pro se, filed a motion to stay the proceedings and a motion for release from incarceration. *Mot. to Stay Proceedings and Req. for Release* (ECF No. 334; ECF No. 152).[1] Mr. Goguen asks that the Court "stay any of the proceedings in connection with the above entitled dockets, pending resolution of [his] motion for relief concerning related matters (ECF 331), filed on 17 April 2020." *Id.* at 1. He also asks to be released because of "complicated health issues and an inability to obtain proper medical attention," specifically mentioning COVID-19. *Id.*

Mr. Goguen is currently incarcerated on two bases. First, on September 15, 2017, Mr. Goguen admitted to two violations of the conditions of his supervised release on 1:11-cr-0003-JAW, and the Court remanded him to custody following his admission to these violations. *Min. Entry* (ECF No. 193). Second, also on September 15, 2017, Mr. Goguen admitted new criminal conduct in 1:16-cr-00167-JAW, namely

---

[1]    To simplify citation, the Court has not recited the docket number for Mr. Goguen's two criminal cases in this Court each time it referred to a filed document. Instead, when a document appears on both dockets, the higher number is a citation to 1:11-cr-00003-JAW and the lower to 1:16-cr-00167-JAW.

possession of child pornography, and the Court remanded him to custody following his admission of guilt. *Min. Entry* (ECF No. 64). According to the Revocation Report on the supervised release violations, Mr. Goguen faces a maximum of two years of incarceration for the supervised release violations and he faces a guideline sentence range of eight to fourteen months. *Second Am. Revocation Report* at 9.

According to the Third Revised Presentence Investigation Report for the possession of child pornography, however, Mr. Goguen faces a statutory minimum of ten years of incarceration and a maximum of twenty years. *Third Revised Presentence Investigation Report* ¶ 74. The guideline sentence range, as calculated by the Probation Office, is one hundred and twenty to one hundred and twenty-five months. *Id.* ¶ 75. Mr. Goguen has not yet been sentenced on either the supervised release offenses or the new criminal conduct due to multiple post-guilty plea/admissions motions.

Once he pleaded guilty to possession of child pornography, Mr. Goguen became subject to the mandatory detention provision of 18 U.S.C. § 3143(a)(2), which provides that the judicial officer "shall" order that a person who has been found guilty of certain offenses, including the possession of child pornography, be detained pending the imposition of sentence. *See* 18 U.S.C. § 3142(f)(1)(A); *see also* 18 U.S.C. §§ 3143(a)(2), 3156(a)(3)(C). The provision applies unless (1) "there is a substantial likelihood that a motion for acquittal or new trial will be granted" or "an attorney for the government has recommended that no sentence of imprisonment be imposed upon the person," and (2) "the judicial officer finds by clear and convincing evidence that

the person is not likely to flee or pose a danger to any other person or the community."
§ 3143(a)(2).  There is nothing in the record that would allow the Court to conclude
Mr. Goguen could meet these criteria.  Mr. Goguen has been incarcerated under these
mandatory detention provisions.

There is an escape provision in 18 U.S.C. § 3145(c), but Mr. Goguen has not
demonstrated "exceptional reasons" why his detention would not be appropriate.  In
addition, § 3145(c) incorporates the provisions of 18 U.S.C. § 3143(a)(1)-(2) and,
therefore, to be released, he would have to meet the criterion of § 3143(a)(1).  Under
that provision, Mr. Goguen would have to show that there is "clear and convincing
evidence that the person is not likely to flee or pose a danger to the safety of any other
person or the community if released under section 3142(b) or (c)."   18 U.S.C.
§ 3143(a)(1).  While this requirement includes only the second half of the provisions
in § 3143(a)(2), there is still nothing in the record that would allow the Court to
conclude Mr. Goguen has met this criterion.

The CARES Act compassionate release provisions do not appear to apply to
Mr. Goguen because the Court has not yet imposed sentence on him.  18 U.S.C.
§ 3582(c) ("The court may not modify a term of imprisonment <u>once it has been
imposed</u>") (emphasis supplied).  In short, the Court has not been presented with a
legal or factual basis to release Mr. Goguen.

Regarding Mr. Goguen's motion to stay the proceedings until his motion for
relief filed under 1:11-cr-00003-JAW's docket number 331 is resolved, the Court is
perplexed why Mr. Goguen would want to stay all proceedings except his April 16,

2020 motion. On January 16, 2020, Mr. Goguen filed an extensive motion to withdraw his guilty plea of July 14, 2011, in 1:11-cr-0003-JAW and to withdraw his revocation admissions of September 15, 2017, in 1:16-cr-00167-JAW. *Def.'s Pro Se Mot. to Withdraw Guilty Plea(s) and Req. for Order to Disqualify Hon. John A. Woodcock, Jr.* (ECF No. 309; ECF No. 132). This motion is proceeding and recently, after filing a motion and obtaining an order, the Government obtained an affidavit from Mr. Goguen's former defense counsel, Attorney Hunter Tzovarras, that presumably responds to Mr. Goguen's allegations against his former attorney. *Gov't's Mot. for Ct. Order Authorizing Disclosure of Confidential Communications* (ECF No. 313; ECF No. 136); *Order on Gov't's Mot. for Ct. Order Authorizing Disclosure* (ECF No. 330; ECF No. 150). Mr. Goguen's motion to withdraw his guilty plea and admissions is grinding toward resolution with the Government's response due on or before May 15, 2020.

With the motion to withdraw his guilty plea and admissions still pending, on April 16, 2020, Mr. Goguen filed a new motion in 1:11-cr-0003-JAW entitled "Request for the Article III Judge to Provide by any Equitable Means Necessary by Indicative Ruling Relief in an Expedited Manner." *Req. for Article III Judge to Provide by any Equitable Means Necessary by Indicative Ruling Relief in Expedited Manner* (ECF No. 331). For some unclear reason, Mr. Goguen prefers that the Court stay his January 16, 2020, motion to withdraw his guilty plea and admission, resolve his April 16, 2020, request for indicative ruling, and then return to his motion to withdraw his guilty plea and admissions. The Court does not know why it should put Mr. Goguen's

earlier-filed motion to withdraw on the back burner while resolving Mr. Goguen's later motion for indicative ruling when the most expeditious resolution is to proceed with both as soon as they are ready for decision.

Finally, on September 15, 2017, Mr. Goguen admitted that he violated the conditions of his supervised release and admitted he committed new criminal conduct. Despite the Court's efforts, it has not been able to sentence him for over two and one-half years, a longer delay between admission and guilty plea than the Court can recall in any other criminal case. The Court intends to address the merits of his newly-filed motions as soon as they are ready for decision. If meritorious, Mr. Goguen should know sooner than later; if not, Mr. Goguen should proceed to a sentencing hearing. There is no reason to delay.

The Court DENIES Robert Goguen's Motion to Stay the Proceedings and Request for Release (ECF No. 334; ECF No. 152).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 11th day of May, 2020