UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ROBERT FREDERICK GOGUEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | 1:11-cr-00003-JAW |
| v. ) | 1:17-cv-00492-JAW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent ) | |

**RECOMMENDED DECISION ON MOTION FOR RELIEF AND ORDER ON MOTION TO APPOINT COUNSEL**

In this action, Petitioner moves, pursuant to Federal Rule of Civil Procedure 60(b), for relief from the Court's order denying habeas relief. (Motion, ECF No. 390.) Petitioner also asks the Court to appoint counsel to represent him. (*Id*.) The Government asks the Court to dismiss the motion. (Response, ECF No. 394.)

After consideration of the parties' arguments, I recommend the Court dismiss Petitioner's Rule 60(b) motion. I also deny Petitioner's motion to appoint counsel.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Following a guilty plea, Petitioner was convicted of failure to register as a sex offender, under the Sex Offender Registration and Notification Act ("SORNA"), in violation of 18 U.S.C. § 2250(a); the Court sentenced Petitioner to a prison term of 37 months to be followed by three years of supervised release. (Amended Judgment, ECF No. 90 at 1-2.)

According to the prosecution version (Prosecution Version, ECF No. 42), which Petitioner admitted at his change of plea hearing was true (Plea Tr., ECF No. 156 at 13),

Petitioner was convicted in Connecticut in 1996, following a guilty plea, of sexual assault, for which conviction he was sentenced to ten years in prison, with all but four years suspended, to be followed by five years of probation. (Prosecution Version at 1.)

Petitioner was released on April 1, 2000. (*Id.*) Prior to his release, he signed a "Sex Offender Advisement of Registration Requirement Unconditional Release form," which advised Petitioner that he was required to register for 10 years from the date of his release, unless he was released from the obligation earlier under Connecticut law. (*Id.*) A review of the prosecution version reflects the Government did not allege Petitioner had been released early. (*Id.*) Petitioner was convicted in Massachusetts in 2006 of failure to register as a sex offender. (*Id.* at 2.)

On August 31, 2009, Petitioner applied for and obtained a Maine driver's license. (*Id.* at 2-3.) On July 29, 2010, in a meeting with police, Petitioner was informed of and waived his *Miranda* rights, and he told officers he had lived in Maine for 16 months.[1] (*Id.* at 3.) The Maine State Bureau of Identification had no record that Petitioner had ever registered with the Maine Sex Offender Registry. (*Id.*) Petitioner was indicted pursuant to 18 U.S.C. § 2250(a) for failure to register as required under SORNA. (Indictment, ECF No. 1.)

Following a hearing in July 2011, the Court accepted Petitioner's guilty plea. (Plea Tr., ECF No. 156 at 17.) The Court entered an amended judgment of conviction on January 31, 2013; the Court sentenced Petitioner to a term of 37 months in prison, to be

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

followed by a term of three years of supervised release.[2] (Amended Judgment at 2-3.) Petitioner did not appeal from the conviction or the sentence.

In September 2013, the Court entered a revocation judgment upon Petitioner's admission to a violation of one of the conditions of his supervision. (Revocation Judgment, ECF No. 113 at 1.) The Court sentenced Petitioner to a term of five months in prison, to be followed by a term of 31 months of supervised release.[3] (*Id.* at 2-3.)

Petitioner appealed from this Court's 2013 revocation judgment, and the First Circuit affirmed. (*United States v. Goguen*, No. 13-2230 (1st Cir. Oct. 9, 2014).) The First Circuit concluded Petitioner's "waiver of rights respecting his revocation hearing

---

[2] At sentencing in September 2012, the Court noted Petitioner did not contest an eight-level sentencing enhancement, pursuant to USSG § 2A3.5(a)(2), based on a Maine unlawful sexual contact offense while Petitioner was in failure-to-register status. (Sentencing Tr., ECF No. 197 at 11.) According to the revised presentence investigation report, which Petitioner told the Court at sentencing he believed was accurate, the State dismissed the charge of unlawful sexual contact based on the federal sentencing. (Sentencing Tr. at 12-13; Report, ¶ 42.)

The Court found a guidelines range of 37 to 46 months, based on a total offense level of 19 and a criminal history category of III. (Sentencing Tr. at 22-23.) After determining the full sentence would be 37 months, the Court reduced the sentence to 16 months in order to credit Petitioner the 622 days he was incarcerated on state charges for relevant conduct under the federal sentencing guidelines. (Sentencing Tr. at 32-33, 37-38.) In January 2013, Petitioner filed a motion, to which the Government consented, for an amended judgment to reflect the full 37-month sentence. (Defendant's Motion to Amend Sentence, ECF No. 88 at 1-2.) Petitioner requested the amended judgment because the Bureau of Prisons represented it would credit Petitioner the 21 months he spent in state custody, and the full 37-month sentence would enable the Bureau of Prisons to give Petitioner more good time credit. (*Id.*) The Court granted the motion, and it amended the judgment accordingly. (Order, ECF No. 89; Amended Judgment, ECF No. 90 at 2.)

[3] In a 2015 petition for a warrant alleging a violation of the supervised release term of Petitioner's revocation judgment, the United States Probation Office represented that supervised release commenced in January 2014. (Petition for Warrant or Summons for Offender Under Supervision, ECF No. 144 at 1.) In November 2015, Petitioner was arrested based on alleged possession of child pornography in violation of his supervised release. (*Id.* at 1-2; Docket Record.) At a partial final revocation hearing, Petitioner admitted the alleged violations. (Minute Entry, ECF No. 193.) The Court has accepted Petitioner's guilty plea in the criminal prosecution of the child pornography possession charge; the criminal case is docketed at *United States v. Goguen*, 1:16-cr-00167-JAW (Minute Entry, Change of Plea Hearing, ECF No. 64). Judgment has not yet been entered in the revocation proceeding or the criminal case.

3

was knowing and voluntary," and the hearing was conducted in a manner consistent with Fed. R. Crim. P. 32.1, which governs the revocation of supervised release. (*Id.*) The First Circuit also concluded this Court did not err when it delegated to the United States Probation Office the choice of a particular treatment program as part of a special condition the Court imposed, "even if such treatment program included a restriction on the use of adult pornography." (*Id.*)

Petitioner filed a section 2255 motion on December 15, 2017. (Motion, ECF No. 194 at 1.) Petitioner made allegations in a number of filings, including: a document Petitioner entitled "Motion for Relief" (ECF No. 199), which the Court ordered docketed as a supplement to Petitioner's section 2255 motion (Order, ECF No. 198); a document Petitioner entitled "Motion to Amend Relief" (ECF No. 204), which the Court granted as a motion to amend the section 2255 motion (Order, ECF No. 207); a document Petitioner entitled "Requests to Further Amend" (ECF No. 215), which the Court granted as a motion to amend (Order, ECF No. 251); and a motion Petitioner entitled "Stay and Abeyance" (ECF No. 248), which the Court denied (Order, ECF No. 251). In addition, Petitioner filed a reply (ECF No. 227), and additional filings (ECF Nos. 236, 239) that include section 2255 allegations. In response to the Court's grant of leave to amend (Order, ECF No. 251), Petitioner filed a document he entitled "Second Further Amendment to 2255" (ECF Nos. 252, 252-1).

On September 28, 2018, I recommended the Court deny Petitioner's section 2255 motion and deny a certificate of appealability. (Recommended Decision, ECF No. 253.) Over Petitioner's objection, the Court affirmed the recommended decision, denied

4

Petitioner's section 2255 motion, and denied a certificate of appealability. (Order Affirming Recommended Decision, ECF No. 280.)

Petitioner appealed to the First Circuit from the Court's order. (Notice of Appeal, ECF No. 281.) The First Circuit denied Petitioner's request for a certificate of appealability and terminated the appeal. (Judgment, ECF No. 324.)

On July 20, 2021, citing Federal Rule of Civil Procedure 60(b), Petitioner filed a motion for relief from the Court's order denying his section 2255 motion. (Motion, ECF No. 390.) Petitioner included with his motion a proposed amended section 2255 motion. (Proposed Motion, ECF No. 390-1.)

## DISCUSSION

### A. Second or Successive Issue

The Government argues that under the Supreme Court's analysis in *Gonzalez v. Crosby*, 545 U.S. 524 (2005), Petitioner's motion is not, in substance, a Rule 60(b) motion.[4] Rather, according to the Government, it is a second or successive section 2255 petition, and therefore it is subject to the gatekeeping provisions of sections 2244 and 2255(h).

---

[4] Although *Gonzalez v. Crosby*, 545 U.S. 524 (2005), concerned a state prisoner's habeas petition under 28 U.S.C. § 2254, and the Supreme Court noted that its consideration was limited to section 2254 cases, 545 U.S. at 529 n.3, the statute section at issue in *Gonzalez*, 28 U.S.C. § 2244, also applies to federal prisoners' habeas petitions, pursuant to 28 U.S.C. § 2255(h). In a case that preceded *Gonzalez*, the First Circuit held that the same reasoning that enables a court to distinguish between a Rule 60(b) motion and a second or successive section 2254 petition also applies to cases under 28 U.S.C. § 2255. *See Munoz v. United States*, 331 F.3d 151, 152 (1st Cir. 2003) (per curiam), *cited with approval in United States v. Sevilla-Oyola*, 770 F.3d 1, 12 (1st Cir. 2014); *see also Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007) (applying *Gonzalez* to a motion that was filed as a Rule 60(b) motion but that the Court concluded was in substance a successive section 2255 motion).

In *Gonzalez*, the Court reasoned that the Federal Rules of Civil Procedure apply to habeas proceedings "to the extent that they are not inconsistent with any statutory provisions" or the rules that govern habeas proceedings. 545 U.S. at 529 (applying former Rule 11 (now Rule 12) of the Rules Governing Section 2254 cases).[5] Because "§ 2244(b) applies only where the court acts pursuant to a prisoner's 'application' for a writ of habeas corpus," a court "must decide whether a Rule 60(b) motion filed by a habeas petitioner is a 'habeas corpus application' as the statute uses that term." *Id.* at 530 (quotation marks omitted). The Court noted that, "for purposes of § 2244(b) an 'application' for habeas relief is a filing that contains one or more 'claims.'" 545 U.S. at 530.

> In most cases, determining whether a Rule 60(b) motion advances one or more "claims" will be relatively simple. A motion that seeks to add a new ground for relief . . . will of course qualify. A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief. That is not the case, however, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.

*Id.* at 532 (footnote omitted) (emphasis in original).

The Supreme Court determined, however, that "an attack based on the movant's own conduct, or his habeas counsel's omission*s*, ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." *Gonzalez*, 545 U.S. at 532 & n.5 (citation omitted). "[A] Rule 60(b) motion

---

[5] Rule 12 of the Rules Governing Section 2255 Cases provides: "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."

that seeks to revisit the federal court's denial *on the merits* of a claim for relief should be treated as a successive habeas petition." 545 U.S. at 534. (emphasis in original). The Supreme Court concluded that the petitioner's motion, "which alleges that the federal courts misapplied the federal statute of limitations set out in § 2244(d)," did not present a second or successive claim, because "neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside" the conviction. *Id.* at 533.

In contrast to the Rule 60(b) motion in *Gonzalez*, portions of Petitioner's motion are arguably based on the same or similar substantive arguments he asserted in his section 2255 motion. (*See* Motion at 5–6.) Like the Rule 60(b) motion in *Gonzalez*, however, a substantial portion of Petitioner's motion challenges the Court's application of the statute of limitations, and in particular the Court's assessment of equitable tolling and the actual innocence exception. (*See* Motion at 6–10.) There is much overlap between Petitioner's arguments on his substantive claims and his arguments in support of the actual innocence exception and equitable tolling. Nevertheless, because the Court's decision to deny his § 2255 motion rested on the statute of limitations and not on the merits of his claims, and because some of Petitioner's arguments in support of his Rule 60(b) motion are directed to the Court's statute of limitations determination, Petitioner's motion need not be construed as a second or successive § 2255 motion requiring authorization from the First Circuit. *Gonzalez*, 545 U.S. at 538 ("A motion that, like petitioner's, challenges only the District Court's failure to reach the merits does not warrant such treatment, and can therefore be

7

ruled upon by the District Court without precertification by the Court of Appeals pursuant to § 2244(b)(3)").

## B. Application of Rule 60(b)

A party may seek relief from judgment pursuant to Federal Rule of Civil Procedure 60. Rule 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Rule 60(b) affords relief from a final judgment only under exceptional circumstances. *Skrabec v. Town of N. Attleboro*, 878 F.3d 5, 9 (1st Cir. 2017). "A party seeking Rule 60(b) relief must show, at a bare minimum, 'that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set

8

aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted.'" *Id.* (quoting *Karak v. Bursaw Oil Corp.*, 288 F.3d 15, 19 (1st Cir. 2002)).

Petitioner seeks relief from the Court's dismissal of his § 2255 motion on February 7, 2019, (Order Affirming Recommended Decision, ECF No. 280), but he did not file his Rule 60(b) motion until July 20, 2021. (Motion, ECF No. 390.) Petitioner's request for relief from the order fails as it was not filed "within a reasonable time" because Petitioner did not file the motion until more than twenty-nine months after the Court ruled on his § 2255 motion. *See Cotto v. United States*, 993 F.2d 274, 280 (1st Cir. 1993) (labeling a delay of sixteen months "overlong in virtually any event"). Even if the approximately one-year period of the pendency of Petitioner's appeal from the order dismissing his § 2255 motion were subtracted, and even accounting for some delay as a result of the alleged temporary obstacles that resulted from pandemic precautions, Petitioner has failed to establish that he pursued his motion diligently.

Petitioner's motion fails even if Petitioner had timely filed the motion. Petitioner has not demonstrated the exceptional circumstances necessary to warrant relief from the Court's prior order. Petitioner essentially reiterates the arguments the Court considered and rejected in applying the statute of limitations, including the arguments regarding equitable tolling and the actual innocence exception to the statute of limitations. *See e.g.*, *Duckworth v. Goff*, No. 1:11CV1HSO-JMR, 2012 WL 3267532, at *2 (S.D. Miss. Aug. 9, 2012) ("While [Petitioner] urges this Court to reconsider its prior ruling and adoption of the Report and Recommendations, the Court concludes that, for the same reasons contained

in its Order adopting the Report and Recommendations of Magistrate Judge, the dismissal of [Petitioner's] § 2254 action as time-barred was proper"). The First Circuit also determined that the Court's application of the statute of limitations was "neither debatable nor wrong." (Judgment of the Court of Appeals, ECF No. 324.) For essentially the same reasons discussed in the Court's prior orders, Petitioner's motion fails on its merits.

## CONCLUSION

Based on the foregoing analysis, I recommended the Court deny Petitioner's request for relief from judgment. In addition, because Petitioner has not asserted a claim on which he can proceed in this Court or otherwise established grounds for the appointment of counsel, *see United States v. Mala*, 7 F.3d 1058, 1063-64 (1st Cir. 1993), I deny Petitioner's request for the appointment of counsel.

## **NOTICE**

Any objections to the order on the motion to appoint counsel shall be filed within fourteen (14) days in accordance with Federal Rule of Civil Procedure 72.

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 15th day of September, 2021.