# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| ROBERT FREDERICK GOGUEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 1:11-cr-00003-JAW |
| v. | ) | 1:17-cv-00492-JAW |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER AFFIRMING RECOMMENDED DECISION ON
## RULE 60(b) MOTION

The Magistrate Judge reviewed the petitioner's Rule 60(b) motion and recommended that the Court deny the petitioner's request for relief from the Court's dismissal of his 28 U.S.C. § 2255 motion. The Court reviewed the petitioner's objections on various grounds and rejects them as unsupported by the record and the law. The Court concludes, as the Magistrate Judge did, that the petitioner failed to establish that his motion is timely or that he pursued it diligently, nor has he demonstrated exceptional circumstances warranting extraordinary relief. The Court affirms the Magistrate Judge's Recommended Decision for the reasons in that decision and set forth in this affirmance.

## I.    BACKGROUND

### A.    Criminal Cases

#### 1.    *United States v. Goguen,* **1:11-cr-00003-JAW**

On January 12, 2011, a federal grand jury indicted Robert Frederick Goguen for failure to register as a sex offender in violation of 18 U.S.C. § 2250(a). *Indictment*

(ECF No. 1).  On July 13, 2011, Mr. Goguen pleaded guilty to the charged crime, *Min. Entry* (ECF No. 43), and on September 14, 2012, the Court sentenced him to thirty-seven months imprisonment, three years of supervised release, a $100 special assessment, and no fine.  *J.* (ECF No. 80); *Am. J.* (ECF No. 90).  Mr. Goguen did not appeal his conviction or sentence to the Court of Appeals for the First Circuit.

On August 16, 2013, the Government filed a warrant and summons for violations of supervised release, alleging Mr. Goguen violated his sex offender treatment condition of supervised release by downloading pornographic movies at the Penobscot County Judicial Center's law library.  *Pet. for Warrant or Summons for Offender under Supervision* (ECF No. 96).  On September 23, 2013, Mr. Goguen admitted the violation, and the Court sentenced him to five months incarceration and thirty-one months of supervised release.  *Revocation J.* (ECF No. 113).  Mr. Goguen appealed this revocation judgment to the First Circuit which it later affirmed.  *J. of Ct. of Appeals for the First Circuit* (ECF No. 142).

On November 13, 2015, the Government filed a second petition alleging that Mr. Goguen violated the terms of two conditions of supervised release by possessing child pornography on his computer.  *Pet. for Warrant or Summons for Offender under Supervision* (ECF No. 144).  After the Court resolved several intervening motions, Mr. Goguen admitted to the violations as alleged in the petition for revocation on September 15, 2017.  *Min. Entry* (ECF No. 193).

On February 7, 2019, the Court granted Mr. Goguen's counsel's motion for leave to withdraw as counsel and continued the sentencing hearing in this case and

on the new criminal charges in *United States v. Goguen*, 1:16-cr-00167-JAW. *United States v. Goguen*, 1:16-cr-00167-JAW, *Order* (ECF No. 110); *United States v. Goguen*, 1:11-cr-00003-JAW, *Order* (ECF No. 278).

##    2.    *Robert Goguen v. United States,* **1:17-cv-00492-JAW**

On December 15, 2017, Mr. Goguen filed a pro se motion to vacate, set aside, or correct his sentence for his failure to register as a sex offender conviction pursuant to 28 U.S.C. § 2255. *Mot. to Vacate, Set Aside or Correct Sentence* (ECF No. 194). On December 29, 2017, Mr. Goguen filed additional paperwork in support of his challenge to his original sentence, his first revocation, and the decision on his appeal. *Suppl. to Mot. to Vacate, Set Aside or Correct Sentence* (ECF No. 199).

After Mr. Goguen amended his 28 U.S.C. § 2255 motion, the Government answered and moved to dismiss his motion on March 26, 2018. *Gov't Mot. to Summarily Dismiss Pet'r's § 2255 Pet., Resp. to § 2255 Pet., and Resp. to Pet'r's Disc. Filing* (ECF No. 220). On September 24, 2018, Mr. Goguen filed a second amended § 2255 motion. *Second Further Amendment to [§] 2255* (ECF No. 252). On February 7, 2019, over Mr. Goguen's objection, the Court affirmed the Magistrate Judge's recommended decision, *see Recommended Decision on 28 U.S.C. 2255 Mot.* (ECF No. 253), and denied Mr. Goguen's § 2255 motion and certificate of appealability. *Order Affirming Recommended Decision on 28 U.S.C. § 2255 Mot.* (ECF No. 280). The Court agreed with the Magistrate Judge's finding that neither Mr. Goguen's collateral challenge to his conviction nor to his revocation was timely under any of the provisions of 28 U.S.C. § 2255(f). *Order Affirming Recommended Decision on 28*

*U.S.C. § 2255 Mot.* at 20-22.  The Court also rejected Mr. Goguen's equitable tolling and actual innocence arguments.  *Id.* at 23-26.  The First Circuit denied Mr. Goguen's subsequent request for a certificate of appealability to appeal the Court's order. *Notice of Appeal* (ECF No. 281); *J.* (ECF No. 324).

On July 20, 2021, Mr. Goguen filed a motion for relief from the Court's February 7, 2019, order denying his § 2255 motion and a proposed amended § 2255 motion.  *Mot. for Relief from the Ct.'s Order* (ECF No. 390) (*Pet'r's Mot.*); *id.*, Attach. 1, *Am. 2255 Mot.*  On August 10, 2021, the Government responded, urging the Court to deny or summarily dismiss Mr. Goguen's motion.  *Gov't's Resp. and Request for Summ. Dismissal of "Mot. for Relief from the Ct.'s Order"* (ECF No. 394) (*Gov't's Opp'n*).  On September 15, 2021, the Magistrate Judge recommended that the Court dismiss Mr. Goguen's Rule 60(b) motion and denied his request for appointment of counsel.  *Recommended Decision on Mot. for Relief and Order on Mot. to Appoint Counsel* (ECF No. 400) (*Recommended Decision*).  After the Court granted Mr. Goguen's request for an extension of time, *Mot. to Extend Time to File Obj. to Recommended Decision* (ECF No. 410); *Order* (ECF No. 411), on October 18, 2021, Mr. Goguen filed his objection to the Recommended Decision.  *Pet'r's Obj. to the Magistrate Judge's Recommended Decision on Mot. for Relief* (ECF No. 412) (*Pet'r's Obj.*).  On November 1, 2021, the Government responded to Mr. Goguen's objection. *Gov't's Resp. to Pet'r's Obj. to the Magistrate Judge's Recommended Decision* (ECF No. 413) (*Gov't Resp.*).

## II.     THE POSITIONS OF THE PARTIES

### A.     Robert Goguen's Motion

Mr. Goguen "allege[s] defects in the integrity of the habeas proceedings," namely "that the Court deprived [him] of due process by ignoring the body [of] undisputed evidence and basing its conclusions on clearly erroneous factual findings." *Pet'r's Mot.* at 1.  Asserting that "failure to provide relief will result in a complete miscarriage of justice," Mr. Goguen asks the Court to "reopen the 2255 and schedule an evidentiary hearing." *Id.*  After recounting the grounds on which the Court denied his § 2255 motion and setting out the applicable standard for relief from an order pursuant to Rule 60(b), Mr. Goguen submits that "a number of factors . . . support relief under Rule 60(b)," particularly the Government's failure to "contest [his] relevant factual allegations," the Court's "clearly erroneous" legal and factual findings, and the Court's "[denial of his] request for an evidentiary hearing and appointment of counsel." *Id.* at 4.  He goes on to contest the Court's characterization of his concession to the eight-point enhancement, which he maintains "was involuntary and under duress," and of what happened during his sentencing. *Id.* at 6.  Mr. Goguen insists that he "desperately fought for a jury trial in the state court" and that the Court ignored letters that he sent to Attorney Haddow and the state court and other "smoking gun emails." *Id.* at 5-6.  Mr. Goguen contends that "[t]he severity of the above conduct and underlying constitutional violations is an equitable factor that supports a finding of extraordinary circumstances under Rule 60(b)(6)." *Id.* at 6.

Arguing that equitable tolling should apply here, Mr. Goguen says "the Court ignored the uncontested evidence [he] presented supporting [his] claim of serious attorney misconduct or abandonment" on the part of Attorney Haddow. *Id.* Mr. Goguen goes on to assert that "the Court erroneously concluded that [he] failed to produce new evidence showing factual innocence" and failed to recognize his "newly presented evidence" related to his failure to register under Maine state law. *Id.* at 7-8. He also references "separate theories supporting [his] actual innocence claim that no court has ever considered in any manner," which he says "do not simply rephrase legal arguments previously considered by this court." *Id.* at 8-9. He concludes by pointing to specific documents that he contends support his claim for relief. *Id.* at 9.

### B.      The Government's Opposition

The Government first contends that "the inventive title of the pleading should not be allowed to obscure its true nature: it is a successive petition within the meaning of 28 U.S.C. § 2255(h) that Goguen has neither sought, nor received, the appellate court's permission to file." *Gov't's Opp'n* at 2. Because Mr. Goguen "is a federal prisoner who is still in custody and who challenges once again the validity of his conviction," the Government urges the Court to "recharacterize the instant motion as a section 2255 petition and summarily dismiss it as an unauthorized successive petition." *Id.* at 4.

Second, according to the Government, Mr. Goguen cannot rely on *Gonzalez v. Crosby*, 545 U.S. 524 (2005), to claim relief under Rule 60(b) because he "does not make any serious challenge to the integrity of the section 2255 proceedings and gives

only passing reference to appointment of counsel and the lack of an evidentiary hearing, failing to develop those arguments at all." *Id.* at 4-5.

Third, the Government submits that even if the Court considers the motion pursuant to Rule 60(b), it is untimely. *Id.* at 6-7.

Finally, the Government argues that Mr. Goguen's claim that the Court made errors of law does not entitle him to "extraordinary" Rule 60(b) relief from judgment in a valid and lawful habeas proceeding. *Id.* at 2-3, 5.

### C.   The Recommended Decision

After recounting the relevant procedural and factual background, the Magistrate Judge first addressed whether Mr. Goguen's motion is a true Rule 60(b) motion or a second, successive § 2255 petition. *Recommended Decision* at 5-6. Recognizing that "a Rule 60(b) motion that seeks to revisit the federal court's denial *on the merits* of a claim for relief should be treated as a successive habeas petition," *id.* at 6-7 (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005)) (emphasis in *Gonzalez*), the Magistrate Judge noted "much overlap" between Mr. Goguen's arguments in his latest motion and those in his prior § 2255 motion. *Id.* at 7. "Nevertheless, because the Court's decision to deny his § 2255 motion rested on the statute of limitations and not on the merits of his claims, and because some of Petitioner's arguments in support of his Rule 60(b) motion are directed to the Court's statute of limitations determination," the Magistrate Judge concluded that Mr. Goguen's "motion need not be construed as a second or successive § 2255 motion requiring authorization from the First Circuit." *Id.*

7

Applying the Rule 60(b) standard, the Magistrate Judge considered whether Mr. Goguen's motion is timely and whether he has shown "exceptional circumstances" warranting relief from judgment. *Id.* at 8.

First, the Magistrate Judge concluded that Mr. Goguen's request for relief, made "more than twenty-nine months after the Court ruled on his § 2255 motion," was not filed "within a reasonable time." *Id.* at 9. Moreover, "[e]ven if the approximately one-year period of the pendency of [his] appeal from the order dismissing his § 2255 motion were subtracted, and even accounting for some delay as a result of the alleged temporary obstacles that resulted from pandemic precautions," the Magistrate Judge reasoned that Mr. Goguen "failed to establish that he pursued his motion diligently." *Id.*

Second, putting aside the timeliness issue, the Magistrate Judge reasoned that by "essentially reiterat[ing] the arguments the Court considered and rejected in applying the statute of limitations" to his case, Mr. Goguen failed to meet his burden to show exceptional circumstances warranting relief. *Id.* Observing that "[t]he First Circuit also determined that the Court's application of the statute of limitations was 'neither debatable nor wrong,'" *id.* at 10 (quoting *Ct. of Appeals for the First Circuit, J.* (ECF No. 324)), the Magistrate Judge recommended that the Court deny Mr. Goguen's request "[f]or essentially the same reasons discussed in the Court's prior orders."[1] *Id.*

---

[1]     The Magistrate Judge also denied Mr. Goguen's request for appointment of counsel because he has "not asserted a claim on which he can proceed in this Court or otherwise established grounds for the appointment of counsel." *Recommended Decision* at 10 (citing *United States v. Mala*, 7 F.3d 1058, 1063-64 (1st Cir. 1993)).

### D.     Robert Goguen's Objections

Mr. Goguen challenges the Magistrate Judge's recommendation to deny his motion for relief on two grounds.

Mr. Goguen disputes that his motion is untimely, despite his twenty-nine-month delay, because he was "barred from seeking relief from judgment when the matter [was] before the appellate court." *Def.'s Obj.* at 1.  Because he filed "within twelve months and three weeks of the [First Circuit's June 15, 2020,] final order" denying his request for rehearing, his delay was not unreasonable. *Id.* at 2.  Mr. Goguen submits that the Court erred in refusing to appoint counsel related to his § 2255 motion and in refusing to enter a notice of appeal for him acting pro se. *Id.* He insists that he has demonstrated "diligence in the pursuit of relief," despite "impediments caused by COVID-19" and a lack of "adequate legal materials" in jail. *Id.* at 2-3.

According to Mr. Goguen, the Magistrate Judge erred in finding that he failed to demonstrate exceptional circumstances because "the Government did not present this argument" and "defects in the integrity of the habeas proceedings — such as an erroneous statute of limitations finding — justify reconsideration of the 2255 judgment." *Id.* at 3.  He asserts that his "motion for relief cites to specific factual findings that are indisputably erroneous and critical to the Court's decision to deny the 2255 motion as untimely." *Id.* at 4.  Mr. Goguen says that he "requested equitable tolling" and "presented numerous grounds supporting an actual innocence gateway claim" to overcome the statute of limitations barrier but "the Government has never

contested any of [the] facts, arguments, or evidence [he] presented." *Id.* at 5.  He also argues that the Magistrate Judge failed to consider his statute of limitations arguments and unfairly denied him an evidentiary hearing on that issue.  *Id.*

Mr. Goguen concludes by asserting "either actual or the appearance of judicial impropriety," accusing the Court of abusing its discretion and failing to protect him as a pro se litigant by allowing "conduct that violates due process" and "calls into question the integrity of the 2255 proceedings."  *Id.* at 6.  He again requests an evidentiary hearing and the assistance of counsel.  *Id.*

### E.    The Government's Response to Robert Goguen's Objection

In its response to Mr. Goguen's objection, the Government directs the Court to its previous arguments raised in its opposition memorandum to Mr. Goguen's Rule 60(b) motion.  *Gov't's Resp.* at 1.  The Government agrees with the Magistrate Judge's analysis and argues that Mr. Goguen's "objection does not raise any issues that have not already been adequately addressed by the . . . Recommended Decision."  *Id.*

## III.   DISCUSSION

### A.    The Court Adopts the Recommended Decision

The Court has reviewed the Magistrate Judge's Recommended Decision de novo and considered Mr. Goguen's Rule 60(b) Motion, his objection to the Recommended Decision, and other relevant filings.  The Court concurs with the recommendations of the Magistrate Judge for the reasons set forth in his Recommended Decision as further elaborated here.  The Court views the

Recommended Decision as substantively correct, and the Court adopts and affirms the decision in its entirety.  The Court writes only to address Mr. Goguen's objections.

## B.     The Federal Rule of Civil Procedure 60(b) Standard

The Government urges the Court to summarily dismiss Mr. Goguen's motion as an unauthorized successive § 2255 petition.  The Magistrate Judge recognized the significant degree of overlap between Mr. Goguen's arguments in the instant motion and in his prior § 2255 motion.  However, as Mr. Goguen challenges the Court's dispositive statute of limitations determination in its February 7, 2019, order, in addition to repeating his arguments on his substantive claims, the Magistrate Judge considered Mr. Goguen's request for relief as a true Rule 60(b) motion.

### 1.     Timeliness

"Motions brought pursuant to Rule 60(b)(6) are subject to a 'reasonable' time limit, and the determination of what is 'reasonable' depends upon the circumstances of each case." *Bouret-Echevarria v. Caribbean Aviation Maint. Corp.*, 784 F.3d 37, 43 (1st Cir. 2015) (citing *United States v. Baus*, 834 F.2d 1114, 1121 (1st Cir. 1987)).  Although Mr. Goguen insists that circumstances demonstrate his "diligence in the pursuit of relief," *Pet'r's Obj.* at 3, the "reasonableness" of his delay turns on whether he "acted promptly when put on notice of a potential claim." *Bouret-Echevarria*, 784 F.3d at 44 (citing *Baus*, 834 F.2d at 1121).

The Court dismissed Mr. Goguen's § 2255 motion on February 7, 2019.  *Order Affirming Recommended Decision on § 2255 Mot.* (ECF No. 280).  Mr. Goguen did not file his Rule 60(b) motion until July 20, 2021.  *See Pet'r's Mot.*  In his objection, Mr.

11

Goguen emphasizes that he could not seek relief until after the First Circuit resolved his appeal; however, the Magistrate Judge accounted for the approximately one-year period when that appeal was pending and took into consideration other pandemic-related impediments to Mr. Goguen's timely filing. *See Recommended Decision* at 9. The Court agrees with the Magistrate Judge that Mr. Goguen's motion—filed more than two years after the challenged judgment issued—is unreasonably late. *See Bouret-Echevarria*, 784 F.3d at 43 ("Courts evaluating what constitutes a 'reasonable' period of time for purposes of Rule 60(b) measure the time at which a movant could have filed his or her Rule 60(b)(6) motion against when he or she did in fact file the motion"); *Cotto v. United States*, 993 F.2d 274, 280 (1st Cir. 1993) (concluding that a motion filed sixteen months after entry of judgment was not filed within a reasonable time) (citations omitted).

### 2.    Extraordinary Circumstances Warranting Relief

"Relief under Rule 60(b) 'is extraordinary in nature' and, thus, 'motions invoking that rule should be granted sparingly.'" *Unibank for Sav. v. 999 Private Jet, LLC*, Nos. 19-1990, 21-1184, 2022 U.S. App. LEXIS 9631, at *13 (1st Cir. Apr. 11, 2022) (quoting *Karak v. Bursaw Oil Corp.*, 288 F.3d 15, 19 (1st Cir. 2002)). "As a general matter, Rule 60(b) motions should not be granted unless the party seeking relief can show (1) that the motion was timely, (2) that exceptional circumstances justifying relief exist, (3) that the other party would not be unfairly prejudiced, and (4) that there is a potentially meritorious claim or defense." *Roosevelt REO PR II Corp. v. Del Llano-Jimenez*, 765 F. App'x 459, 461 (1st Cir. 2019). "Courts are not to

'give credence to [a] movant's bald assertions [or] unsubstantiated conclusions . . ..'" *Id.* (quoting *Teamsters, Chauffeurs, Warehousemen & Helpers Union, Loc. No. 59 v. Superline Transp. Co.*, 953 F.2d 17, 18 (1st Cir. 1992)).

First, Mr. Goguen claims error in the fact that the Government did not reach the "exceptional circumstances" issue in its opposition to his motion; however, the Magistrate Judge could have recommended the Court deny his Rule 60(b) motion on the basis of his delay alone, as the Government urged.  Thus, the fact that the Government did not address this issue does not change the Court's conclusion.

Mr. Goguen goes on to broadly contend that the Court's findings on the statute of limitations issue in its February 7, 2019, order were "clearly erroneous" and points to "newly presented evidence" of actual innocence.  To allege extraordinary circumstances, Mr. Goguen insists that the Court has ignored his statute of limitations arguments, which he claims the Government failed to properly contest.  For example, Mr. Goguen asserts "defects in the integrity of the habeas proceedings," *Pet'r's Mot.* at 1, because the Magistrate Judge never "even mentioned the statute of limitations arguments" in his September 28, 2018, Recommended Decision on the § 2255 motion.  *Pet'r's Obj.* at 5.  That is not true.  In concluding that Mr. Goguen's § 2255 motion was untimely, the Magistrate Judge applied the relevant statute of limitations standards to Mr. Goguen's motion, found that he had not alleged facts to implicate section 2255(f)(2), (f)(3), or (f)(4), and went on to address Mr. Goguen's stated reasons for why he believed he was nonetheless entitled to equitable tolling.  *Recommended Decision on 28 U.S.C. § 2255 Mot.* at 5-9 (ECF No. 253).

In his Recommended Decision on the Rule 60(b) motion, the Magistrate Judge correctly observed that Mr. Goguen's latest assertions of "exceptional circumstances" warranting equitable tolling to the statute of limitations and invoking the actual innocence exception echo arguments that the Magistrate Judge and the Court previously addressed, and moreover cited the First Circuit's pronouncement that Court's resolution of the timeliness issue in its February 7, 2019 order was "neither debatable nor wrong." *Ct. of Appeals for the First Circuit, J.* (ECF No. 324).

In summary, Mr. Goguen's legal arguments for why the Court should reject the Recommended Decision lack merit. The Court concludes that Mr. Goguen's Rule 60(b) motion is untimely and fails to demonstrate exceptional circumstances warranting relief from the Court's February 7, 2019, order denying his 28 U.S.C. § 2255 motion.

## IV.   CONCLUSION

The Court has reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record. The Court has made a de novo determination of all matters adjudicated by the Magistrate Judge's Recommended Decision. The Court concurs with the recommendations of the United States Magistrate Judge for the reasons set forth in his Recommended Decision and in this Order, and determines that no further proceeding is necessary.

1. It is therefore <u>ORDERED</u> that the Recommended Decision of the Magistrate Judge be and hereby is <u>AFFIRMED</u> (ECF No. 400).

2. It is further <u>ORDERED</u> that the Petitioner's Request for Relief from Judgment and for the Appointment of Counsel be and hereby is <u>DENIED</u>

14

(ECF No. 390).

3.  It is further <u>ORDERED</u> that no certificate of appealability should issue in the event the Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

SO ORDERED.

<u>/s/ John A. Woodcock, Jr.</u>
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 28th day of April, 2022