UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ROBERT FREDERICK GOGUEN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:11-cr-00003-JAW-1 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**ORDER DISMISSING MOTION FOR RELIEF FROM JUDGMENT**

An inmate serving a 168-month sentence for possession of material containing child pornography including a minor under twelve, in violation of 18 U.S.C. § 2252A, and a consecutive 24-month sentence for violating terms of supervision related to a previous conviction for failing to register as sex offender in violation of 18 U.S.C. § 2250, seeks relief, pursuant to Federal Rule of Civil Procedure 60(b)(4), from the court's prior judgments dismissing his requests for postconviction relief. The Court concludes that given the substance of the Rule 60(b)(4) motion, it must be recharacterized as a second or successive habeas petition and dismisses the petition because the Court lacks jurisdiction to review it.

**I.   BACKGROUND**

    **A.   Criminal Cases**

        **1.   *United States v. Goguen,* 1:11-cr-00003-JAW**

On January 12, 2011, a federal grand jury indicted Robert Frederick Goguen for failing to register as a sex offender in violation of 18 U.S.C. § 2250(a). *Indictment*

(ECF No. 1). On July 13, 2011, Mr. Goguen pleaded guilty to the charged crime, *Min. Entry* (ECF No. 43), and on September 14, 2012, the Court sentenced him to thirty-seven months imprisonment, three years of supervised release, a $100 special assessment, and no fine. *J.* (ECF No. 80); *Am. J.* (ECF No. 90). Mr. Goguen did not appeal his conviction or sentence to the Court of Appeals for the First Circuit.

On August 16, 2013, the Government filed a warrant and summons for violations of supervised release, alleging Mr. Goguen violated his conditions of supervised release by downloading pornographic movies at the Penobscot County Judicial Center's law library. *Pet. for Warrant or Summons for Offender under Supervision* (ECF No. 96). On September 23, 2013, Mr. Goguen admitted the violation, and the Court sentenced him to five months incarceration and thirty-one months of supervised release. *Revocation J.* (ECF No. 113). Mr. Goguen appealed this revocation judgment to the First Circuit, which it later affirmed. *J. of Ct. of Appeals for the First Circuit* (ECF No. 142).

On November 13, 2015, the Government filed a second petition alleging that Mr. Goguen violated two conditions of supervised release by possessing child pornography on his computer. *Pet. for Warrant or Summons for Offender under Supervision* (ECF No. 144). After the Court resolved several intervening motions, Mr. Goguen admitted the violations alleged in the petition for revocation on September 15, 2017. *Min. Entry* (ECF No. 193).

On February 7, 2019, the Court granted Mr. Goguen's counsel's motion for leave to withdraw as counsel and continued the sentencing hearing in this case and

2

on new criminal charges in *United States v. Goguen*, 1:16-cr-00167-JAW. *United States v. Goguen*, 1:16-cr-00167-JAW, *Order* (ECF No. 110); *United States v. Goguen*, 1:11-cr-00003-JAW, *Order* (ECF No. 278). Mr. Goguen then vigorously challenged his admission to the violations in the revocation petition from the spring of 2017 until his September 2021 sentencing hearing. On September 20, 2021, the Court sentenced Mr. Goguen to 168 months of incarceration on the new criminal charge of possession of child pornography and a consecutive term of 24 months of incarceration on the violations of his conditions of supervised release. *J.* (ECF No. 205).

### 2. *Robert Goguen v. United States,* 1:17-cv-00492-JAW & 1:11-cr-0003-JAW

On December 15, 2017, Mr. Goguen filed a pro se motion to vacate, set aside, or correct his sentence for his failure to register as a sex offender conviction, 1:11-cr-00003-JAW, pursuant to 28 U.S.C. § 2255. *Mot. to Vacate, Set Aside or Correct Sentence* (ECF No. 194). On December 29, 2017, Mr. Goguen filed additional paperwork in support of his challenge to his original sentence, his first revocation, and the decision on his appeal. *Suppl. to Mot. to Vacate, Set Aside or Correct Sentence* (ECF No. 199). After Mr. Goguen amended his 28 U.S.C. § 2255 motion, the Government answered and moved to dismiss his motion on March 26, 2018. *Gov't's Mot. to Summarily Dismiss Pet'r's § 2255 Pet., Resp. to § 2255 Pet., and Resp. to Pet'r's Disc. Filing* (ECF No. 220).

On September 24, 2018, Mr. Goguen filed a second amended § 2255 motion. *Second Further Amendment to [§] 2255* (ECF No. 252). On February 7, 2019, over Mr. Goguen's objection, the Court affirmed the Magistrate Judge's recommended

decision, *see Recommended Decision on 28 U.S.C. 2255 Mot.* (ECF No. 253), and denied Mr. Goguen's § 2255 motion and certificate of appealability. *Order Affirming Recommended Decision on 28 U.S.C. § 2255 Mot.* (ECF No. 280). The Court agreed with the Magistrate Judge's conclusion that neither Mr. Goguen's collateral challenge to his conviction nor to his revocation was timely under the provisions of 28 U.S.C. § 2255(f). *Id.* at 20-22. The Court also rejected Mr. Goguen's equitable tolling and actual innocence arguments. *Id.* at 23-26. The First Circuit denied Mr. Goguen's subsequent request for a certificate of appealability to appeal the Court's order. *Notice of Appeal* (ECF No. 281); *J. of Ct. of Appeals for the First Circuit* (ECF No. 324).

On July 20, 2021, Mr. Goguen filed a motion for relief from the Court's February 7, 2019 order denying his § 2255 motion pursuant to Federal Rule of Civil Procedure 60(b) and a proposed amended § 2255 motion. *Mot. for Relief from the Ct.'s Order* (ECF No. 390); *id.*, Attach. 1, *Am. 2255 Mot.* On August 10, 2021, the Government responded, urging the Court to deny or summarily dismiss Mr. Goguen's motion. *Gov't's Resp. and Request for Summ. Dismissal of "Mot. for Relief from the Ct.'s Order"* (ECF No. 394). On September 15, 2021, the Magistrate Judge recommended that the Court dismiss Mr. Goguen's Rule 60(b) motion and denied his request for appointment of counsel. *Recommended Decision on Mot. for Relief and Order on Mot. to Appoint Counsel* (ECF No. 400). On April 28, 2022, the Court affirmed the Recommended Decision. *Order Aff. Recommended Decision* (ECF No. 417).

On May 12, 2022, Mr. Goguen sought a certificate of appealability in relation to the Court's dismissal of his Rule 60(b) motion, *Notice of Appeal* (ECF No. 419); *Appeal Cover Sheet* (ECF No. 420), which the First Circuit Court of Appeals denied on March 6, 2023. *J. of Ct. of Appeals for the First Circuit* (ECF No. 434); *Mandate of Ct. of Appeals for the First Circuit* (ECF No. 435).

On October 12, 2023, Mr. Goguen brought a second motion for relief from judgment, the one now pending before the Court. *Mot. for Relief of J.* (ECF No. 437) (*Pet'r's Mot.*). The Government opposed on November 2, 2023. *Resp. to Mot. for Relief of J.* (ECF No. 439) (*Govt's Opp'n*).

### 3. *United States v. Robert Goguen*, 1:16-cr-00167-JAW-01

On December 14, 2016, a federal grand jury indicted Mr. Goguen, alleging that he engaged in new criminal conduct, namely the possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). *Indictment* (ECF No. 1). On September 15, 2017, Mr. Goguen pleaded guilty to this new charge. *Min. Entry* (ECF No. 64). After a substantial delay caused by Mr. Goguen's multiple motions and an interlocutory appeal, the Court sentenced him on September 20, 2021 to 168 months of incarceration, twenty years of supervised release, no fine, and a $100 special assessment. *J.* (ECF No. 205). As earlier noted, on the same date, the Court sentenced Mr. Goguen to a consecutive term of 24 months of incarceration for his violations of the conditions of his supervised release in 1:11-cr-00003-JAW-01.

## II.    THE PARTIES' POSITIONS

### A.    Robert Goguen's Motion

Pursuant to Federal Rule of Civil Procedure 60(b)(4), Mr. Goguen moves the Court to grant relief from judgment with respect to its order denying postconviction relief. *Pet'r's Mot.* at 1. To support this motion, he argues that the "Court's judgments regarding request for postconviction relief are void because the initial judgment of conviction is void," as the Court "has held that it affirmatively misadvised [Mr. Goguen] as to the consequence of the plea" and "erroneously classified [him] as a Tier II offender." *Id.* (citing *United States v. Goguen*, 218 F. Supp. 3d. 11 (D. Me. 2016)).

In Mr. Goguen's view, if the initial 2011 judgment is void, then "release conditions imposed pursuant to it are void and revocation for violating them was and is barred." *Id.* at 2. Put simply, he believes he "cannot be penalized for violating what was not legally proscribed." *Id.* Mr. Goguen adds that the "constitutionally void SORNA conviction was used to both support guilt and enhance the punishment for the new offense, violating fundamental fairness and Due Process." *Id.*.

Given these issues, Mr. Goguen "humbly requests the Court set aside its judgments concerning the § 2255 motion" and issue "an order to immediately release Petitioner from incarceration." *Id.* In essence, Mr. Goguen claims that because his original conviction for failure to register as a sex offender is void, his subsequent revocation and conviction are also void, and he should be immediately released from incarceration. *Id.* at 2.

## B. The Government's Opposition

The Government "respectfully requests that the Court deny Goguen's claims for lack of merit." *Gov't's Opp'n* at 1. To support its position, the Government advances three points. *Id.* at 2-7.

"First, though masquerading as a Rule 60 motion, Goguen's petition is actually a second or successive petition within the meaning of 28 U.S.C. § 2255(h), that Goguen has neither sought, nor received, the appellate court's permission to file." *Id.* at 2. The Government represents "this is at least the third time that Goguen has brought a collateral challenge to his conviction." *Id.* at 3. The Government contends that "[a]lthough Goguen couches the instant pleading as one filed pursuant to Fed. R. Civ. P. 60(b), precedent is clear that the label a prisoner attaches to a pleading does not control how it is treated." *Id.* at 4. The Government then says that "[w]hen a motion's factual predicate deals primarily with the constitutionality of the underlying conviction, it should be treated for what it is—a second or successive section 2255 petition." *Id.* (citing *Munoz v. United States*, 331 F.3d 151 (1st Cir. 2003)).

"Second, even if Goguen's most recent pleading could be construed as a true motion pursuant to Fed. R. Civ. P. 60(b), his claims are not timely." *Id.* at 2 (citing FED. R. CIV. P. 60(c)(1)). The Government avers that Rule 60 requires claims for relief brought under Rule 60(b)(4) "be made within a reasonable time." *Id.* at 5 (citing FED. R. CIV. P. 60(c)(1)). The Government asserts Mr. Goguen's motion does not meet this bar as "Goguen's delay is more than four years, far longer than the delay in *Cotto*.

7

Goguen, moreover, offers no justification for the delay in filing" despite being "actively involved in other pro se litigation in the last four years." *Id.* at 6 (citing *Cotto v. United States*, 993 F.3d 274, 280 (1st Cir. 1993) (saying a sixteen-month delay was "overlong in virtually any event")).

Third, the Government posits that Mr. "Goguen's claims are not properly within the authority of Rule 60(b) . . . .. A party claiming errors of law at the underlying judgment of conviction is not entitled to relief under Rule 60(b)." *Id.* at 2-3. After noting that the First Circuit "explained that the list of infirmities that can render a judgment void for purposes of Rule 60(b)(4) is exceedingly short," *id.* at 6 (internal quotations omitted) (citing *U.S. Air Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (1st Cir. 2010)), the Government contends Mr. "Goguen's claims do no fall within the 'exceptionally short' list." *Id.* at 7. This is so, they argue, because he "does not make any serious challenge to the integrity of the section 2255 proceedings and gives only passing reference to a phantom jurisdictional argument." *Id.*

### C. Robert Goguen's Reply

Mr. Goguen had until November 16, 2023 to reply to the Government's opposition. He did not.

### III. DISCUSSION

Federal Rule of Civil Procedure 60(b) allows courts to relieve a party from a final judgment, order, or proceeding for several reasons. FED. R. CIV. P. 60(b). Relevant here, Rule 60(b)(4) allows such relief if the Court's judgment "is void." FED. R. CIV. P. 60(b)(4).

### A. The Rule 60(b) Motion is Properly Deemed a Habeas Petition and is Barred

In *United States Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010), the Supreme Court wrote about the parameters of Rule 60(b)(4). "Although the term 'void' describes a result, rather than the conditions that render a judgment unenforceable, it suffices to say that a void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *Id.* at 270. The Supreme Court further stated that "[t]he list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule." *Id.* "A judgment is not void, for example, simply because it is or may have been erroneous." *Id.* (internal quotations omitted) (quoting *Hoult v. Hoult*, 57 F.3d 1, 6 (1st Cir. 1995)). "Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* at 271 (collecting authority).

To try to meet this high burden, Mr. Goguen offers that the "Court's judgments regarding request for postconviction relief are void because the initial judgment of conviction is void." *Pet'r's Mot.* at 1. Mr. Goguen adds that the "constitutionally void SORNA conviction was used to both support guilt and enhance the punishment for the new offense, violating fundamental fairness and Due Process." *Id.* at 2.

As far as Mr. Goguen's request for relief from judgment is premised on issues with his initial conviction, his claim is barred. By the framing of this argument, Mr. Goguen admits that he is challenging the underlying conviction. *See id.* at 1. While

9

Mr. Goguen has a right to challenge his original conviction, a Rule 60(b)(4) motion is not the appropriate avenue to do so. Instead, such an action should be brought as a writ of habeas corpus pursuant to 28 U.S.C. § 2255. Section 2255 expressly states:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

The First Circuit Court of Appeals has stated that "any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 [], is a motion under § 2255, no matter what title the prisoner plasters on the cover." *Trenkler v. United States*, 536 F.3d 85, 97 (1st Cir. 2008) (cleaned up) (quoting *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004)); *see id.* (collecting cases of courts recharacterizing "imaginatively captioned petitions to reflect that they derive their essence from section 2255, and thus, must satisfy that section's gatekeeping provisions").

As in *Trenkler*, "[a] close analysis of the substance of the petition in this case leaves no doubt but that, regardless of its label, the petition falls within the compass of section 2255." *Id.* "On its face, the petition is brought on behalf of a federal prisoner still in custody and challenges his sentence as unauthorized under the statutes of conviction. This is a classic habeas corpus scenario, squarely within the heartland carved out by Congress in section 2255." *Id.*

In *Rodwell v. Pepe*, 324 F.3d 66 (1st Cir. 2003), the First Circuit stated that "a Rule 60(b) motion should be treated as a second or successive habeas petition if—and only if—the factual predicate set forth in support of the motion constitutes a direct challenge to the constitutionality of the underlying conviction." 324 F.3d at 67. Mr. Goguen's challenge does just that.

Put simply, insofar as Mr. Goguen's request for relief is premised on his original conviction being unconstitutional, it is properly characterized as a habeas petition under § 2255. Accordingly, it must meet certain statutory requirements before this Court has jurisdiction to hear it. One such restraint is that the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, "require[s] a federal prisoner who sought to prosecute a second or successive section 2255 petition to obtain pre-clearance, in the form of a certificate, from the court of appeals." *Id.* (citing 28 U.S.C. § 2255(h)).

Mr. Goguen did not present authorization from the Court of Appeals for the First Circuit along with his § 2255 petition stylized as a Rule 60(b)(4) motion. "When faced with a second or successive § 2255 petition that has not been authorized by the court of appeals, a district court must either dismiss the petition or transfer it to the court of appeals." *Bucci v. United States*, 809 F.3d 23, 26 (1st Cir. 2015). The Court heeds this appellate instruction and dismisses Mr. Goguen's petition.

This leaves Mr. Goguen's claim that the "constitutionally void [Sex Offender Registration and Notification Act, Pub. L. 109-248,] conviction was used to both support guilt and enhance the punishment for the new offense, violating fundamental

11

fairness and Due Process." *Id.* (citing *Burgett v. Texas*, 389 U.S. 109 (1967)). Much like his first argument, insofar as this one is different, Mr. Goguen is challenging the constitutionality of his original conviction. As discussed above, claims that do so must be brought under § 2255, and as a result require pre-clearance in the form of a certificate from the court of appeals. As there is no evidence that the First Circuit has certified Mr. Goguen's motion, the Court dismisses Mr. Goguen's petition. *See Bucci*, 809 F.3d at 26.

In short, while Mr. Goguen has stylized his request for relief as a Rule 60(b)(4) motion, the First Circuit has indicated "substance trumps form." *Trenkler*, 536 F.3d at 97. Furthermore, the substance of Mr. Goguen's form makes it clear that this is a habeas petition that must, yet fails to, meet AEDPA's gatekeeping provisions. *See id.* at 98-99. Absent meeting those requirements, the Court lacks jurisdiction. As a result, the Court DISMISSES Robert Frederick Goguen's Motion for Relief of Judgment (ECF No. 437).

### B. The Claims Are Non-Meritorious and Have Previously Been Denied

As just described, the Court lacks jurisdiction to address the merits of Mr. Goguen's motion. Although the Court is confident that Mr. Goguen's latest motion is barred, in the unlikely event the First Circuit disagrees, the Court briefly turns to the merits of Mr. Goguen's motion. Although dismissing a request for habeas corpus relief may be harsh for a meritorious claim, Mr. Goguen has raised these precise claims previously, and they are plainly non-meritorious.

### 1.     The Tier II v. Tier III Offender Issue

At the time of Mr. Goguen's September 14, 2012 sentencing hearing in 1:11-cr-00003-JAW, the Court accepted—without objection from Mr. Goguen or the Government—the United States Probation Office's determination that Mr. Goguen was a Tier II offender. *See United States v. Goguen*, 218 F. Supp. 3d 111, 118-23 (D. Me. 2016).

The issue with Mr. Goguen's Tier classification did not come to the Court's attention until the Government filed its November 13, 2015 petition for revocation of Mr. Goguen's supervised release, alleging that Mr. Goguen had accessed child pornography on his laptop computer. *Pet. for Warrant or Summons for Offender under Supervision* (ECF No. 144). The Government argued that the provisions of 18 U.S.C. § 3583(k) should apply because Mr. Goguen had committed a new qualifying sex offense while on supervised release for his SORNA violation. *See Goguen*, 218 F. Supp. 3d at 115.

Section 3583(k) provides that if certain conditions are met, including committing a new criminal offense under Chapter 110 of Title 18, a court must sentence a defendant like Mr. Goguen to five years of incarceration for violating the conditions of supervised release.[1] Before § 3583(k) applies, the supervisee must have been required to register under SORNA when he committed the new criminal offense.

---

[1] On June 26, 2019, after the Court issued its decision, the United States Supreme Court concluded that § 3583(k)'s mandatory minimum term of incarceration was unconstitutional because it violated a defendant's right to trial by jury and the right to proof beyond a reasonable doubt under the Fifth and Sixth Amendments. *United States v. Hammond*, 588 U.S. 634, 637 (2019).

13

After the November 13, 2015 petition was filed, Mr. Goguen raised for the first time the argument that he was not required to register under SORNA because, as a Tier II offender, his obligation to register as a sex offender had expired in 2010. *Id.* at 116. The Government responded that he was properly deemed a Tier III, that he was required to register as a sex offender under SORNA when he committed the new sex offense, and that he was therefore subject to the five-year mandatory term of incarceration under § 3583(k).

To answer whether the mandatory five-year penalty applied to Mr. Goguen, on November 2, 2016, the Court extensively analyzed the Tier classification issue and concluded that Mr. Goguen was properly classified as a Tier III, not a Tier II offender. *Id.* at 123. This conclusion had two repercussions: Mr. Goguen was subject to a lifetime of supervised release and a five-year mandatory sentence on the revocation petition.

The Tier II classification likely benefitted Mr. Goguen at his original sentencing because his sentencing guideline range as a Tier II was 37 to 46 months, and Mr. Goguen received a sentence of 37 months of incarceration. *Id.* at 199, n.4. If he had been properly classified as a Tier III at his original sentencing hearing, his guideline range would have been 46 to 57 months, a higher starting point. *Id.*

### 2. The Potential Length of Supervised Release Issue

At his guilty plea on July 14, 2011, the Court misinformed Mr. Goguen about the potential length of his term of supervised release, telling him that he faced a maximum of three years, not the correct term of a minimum of five years and a

maximum of life. *Id.* at 114-16. Similarly, the Court misinformed Mr. Goguen that if he violated his supervised release, he was subject to only a two-year term of incarceration, not the mandatory five-year term § 3583(k) required.

As a result, when the Court sentenced Mr. Goguen on September 17, 2012, it imposed a three-year term of supervised release. *See J.* (ECF No. 80); *Am. J.* (ECF No. 90). Moreover, even though Mr. Goguen was subject to a mandatory five-year term of incarceration under § 3583(k) for his violation of supervised release, the Court concluded that because it had misinformed him and to ensure fairness, it would apply the two-year term. *Goguen*, 218 F. Supp. 3d at 125-30. On September 20, 2021, when the Court finally sentenced Mr. Goguen for his violation of supervised release, it imposed a two-year, consecutive term of incarceration and no term of supervised release to follow on 1:11-cr-00003-JAW. *J.* (ECF No. 404); *Tr. Of Proceedings* at 87:20-88:1 (ECF No. 414). Mr. Goguen appealed that two-year consecutive sentence, *Notice of Appeal* (ECF No. 406), and on January 25, 2023, the Court of Appeals for the First Circuit affirmed the Court's sentence. *J. of the Ct. of Appeals for the First Circuit* at 1 (ECF No. 432).

When the Court sentenced Mr. Goguen on his new possession of child pornography charge under 1:16-cr-00167-JAW-01, it imposed a period of supervised release of twenty years after his period of incarceration. *J.* (ECF No. 205). Mr. Goguen appealed that judgment as well, *Notice of Appeal* (ECF No. 207), and on January 25, 2023, in the same decision in which it rejected Mr. Goguen's appeal of the revocation sentence, the First Circuit affirmed the sentence in the possession of

child pornography case. *J. of the Ct. of Appeals for the First Circuit* at 1 (ECF No. 219).

### 3.    The Bottom Line

In short, Mr. Goguen benefitted substantially from the errors he now complains of. Mr. Goguen complains that he was misclassified as a Tier II offender at his original sentencing, but the Court's subsequent analysis confirmed that he should have been classified as a Tier III, a classification that would have resulted in a higher guideline sentence range. Although he would have been subjected to a longer period of supervised release as a Tier III, he was sentenced to only three years of supervised release, not the mandatory period of five years.[2]

Moreover, he avoided the mandatory term of five years under § 3583(k) that would have been imposed if he had been informed at his original guilty plea that if he violated a condition of supervised release, he would be subject to a mandatory term of five years. Instead, he received a lesser consecutive sentence of two years on the revocation.

Finally, Mr. Goguen is aware of all of this. He has litigated these same questions previously. The Court has taken his arguments seriously and issued multiple long opinions addressing and rejecting his concerns. If the Court had jurisdiction and could reach the merits of his motion, the Court would arrive today at the same conclusions that it has in the past as nothing has changed.

---

[2]    Regardless, he violated the conditions of his supervised release within the three-year term. Furthermore, Mr. Goguen is no longer subject to a period of supervised release on 1:11-cr-00003-JAW, and once released, will serve a twenty-year term of supervised release on 1:16-cr-00167-JAW.

## IV. CONCLUSION

The Court DISMISSES Robert Goguen's Motion for Relief from Judgment (ECF No. 437) as barred and non-meritorious.

SO ORDERED.

                                              /s/ John A. Woodcock, Jr.
                                              JOHN A. WOODCOCK, JR.
                                              UNITED STATES DISTRICT JUDGE

Dated this 12th day of July, 2024