## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:11-cr-00003-JAW-1 |
| | ) | 1:16-cr-00167-JAW-1 |
| | ) | |
| ROBERT FREDERICK GOGUEN | ) | |

### ORDER ON RECOMMENDED DECISION

After de novo review, a federal district court affirms a United States magistrate judge's recommended dismissal of an incarcerated individual's two motions to vacate, set aside, or correct sentence, over the petitioner's objection. The court also affirms the magistrate judge's recommendation that the court deny the petitioner's motion for release pending resolution of the motions to vacate and his alternate request for an expedited evidentiary hearing.

## I.    PROCEDURAL HISTORY

This case has an extensive procedural history and the Court recounts only the events most relevant to the present motions.[1]  On September 14, 2012, as later amended, the Court sentenced Robert Frederick Goguen to thirty-seven months of incarceration, three years of supervised release, a $100 special assessment, and no fine for failure to register as a sex offender, in Docket Number 1:11-cr-00003-JAW (the 2011 case).  No. 1:11-cr-00003-JAW-1, *J.* (ECF No. 80); *Am. J.* (ECF No. 90).

After Mr. Goguen completed his term of incarceration and was on supervised release, on August 16, 2013, the Government filed a revocation petition alleging that

---

[1]     Mr. Goguen's 2011 failure to register as a sex offender case now has 477 docket entries and his 2016 possession of child pornography case has 270 docket entries.

the Defendant had violated the sex offender treatment condition of his supervised release by downloading pornographic movies at the Penobscot County Judicial Center's law library. No. 1:11-cr-00003-JAW-1, *Pet. for Warrant or Summons for Offender Under Supervision* (ECF No. 96). On September 23, 2013, Mr. Goguen admitted the violation, waived his right to a hearing, and the Court sentenced him to five months of incarceration and thirty-one months of supervised release. No. 1:11-cr-00003-JAW-1, *Min. Entry* (ECF No. 112); No. 1:11-cr-00003-JAW-1, *Revocation J.* (ECF No. 113). Mr. Goguen appealed this revocation judgment to the United States Court of Appeals for the First Circuit, claiming that his waiver of rights at the revocation hearing was not knowing and voluntary and that this Court erred in imposing a sex offender treatment condition on his supervised release. No. 1:11-cr-00003-JAW-1, *J. of Ct. of Appeals for the First Cir.* (ECF No. 142). On October 9, 2014, the First Circuit affirmed this Court's judgment. *Id.*

On December 15, 2017, Mr. Goguen filed his first motion to vacate, set aside or correct his sentence in the 2011 case, No. 1:11-cr-00003-JAW, *Mot. to Vacate, Set Aside or Correct Sentence* (ECF No. 194) (*First § 2255 Mot.*), which the United States Magistrate Judge recommended be dismissed on September 28, 2018. No. 1:11-cr-00003-JAW, *Recommended Decision on 28 U.S.C. 2255 Mot.* (ECF No. 253). The Court affirmed the Recommended Decision on February 7, 2019, No. 1:11-cr-00003-JAW, *Order Affirming Recommended Decision on 28 U.S.C. § 2255 Mot.* (ECF No. 280), and Mr. Goguen timely appealed. No. 1:11-cr-00003-JAW, *Notice of Appeal* (ECF No. 281). On March 6, 2023, the First Circuit affirmed the Court's February 7,

2019 order and returned jurisdiction to this Court. No. 1:11-cr-0003-JAW, *J.* (ECF No. 434); No. 1:11-cr-00003-JAW, *Mandate* (ECF No. 435).

Meanwhile, on July 20, 2021, Mr. Goguen filed a motion for relief from the Court's order denying his first § 2255 motion, attaching a proposed amended motion to vacate, set aside or correct his sentence in the 2011 case. No. 1:11-cr-00003-JAW, *Mot. for Relief from the Ct.'s Order* (ECF No. 390); *id.*, Attach. 1, *Am. 2255 Mot.* (*Second § 2255 Mot.*). The Magistrate Judge subsequently issued a recommended decision of dismissal noting, among other things, that much of the argument raised in Mr. Goguen's filings was likely barred by the gatekeeping provisions on second or successive habeas motions. No. 1:11-cr-00003-JAW, *Recommended Decision on Mot. for Relief and Order on Mot. to Appoint Counsel* (ECF No. 400). The Court affirmed the Recommended Decision over Mr. Goguen's objection on April 28, 2022. No. 1:11-cr-00003-JAW, *Pet'r's Obj. to Mag. J.'s Recommended Decision on Mot. for Relief* (ECF No. 412); No. 1:11-cr-00003-JAW, *Order Affirming Recommended Decision on Rule 60(b) Mot.* (ECF No. 417). Mr. Goguen timely appealed. No. 1:11-cr-00003-JAW, *Notice of Appeal* (ECF No. 419). On January 21, 2025, the First Circuit affirmed the Court's decision regarding the Rule 60(b) motion, which was in substance a second § 2255 motion. No. 1:11-cr-00003-JAW, *J.* (ECF No. 462).

On September 20, 2021, in Docket No. 1:16-cr-00167-JAW-1 (the 2016 case), the Court sentenced Mr. Goguen to 168 months of incarceration, twenty years of supervised release, no fine, and a $100 special assessment for possession of child pornography of a prepubescent minor or a minor under twelve years old, No. 1:16-cr-

00167-JAW-1, *J.* (ECF No. 205), and twenty-four months of incarceration to run consecutively to the 168 months of incarceration for violating conditions of his supervised release in the 2011 case. No. 1:11-cr-00003-JAW, *J.* (ECF No. 404).

On April 8, 2024, Mr. Goguen filed another motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the 2011 case. No. 1:11-cr-00003-JAW, *Mot. to Vacate, Set Aside or Correct* (ECF No. 442) (*Third § 2255 Mot.*). The Government responded in opposition on August 30, 2024. No. 1:11-cr-00003-JAW, *Gov't's Resp. to Pet'r's Mot. Pursuant to 28 U.S.C. § 2255* (ECF No. 458) (*Gov't's Resp.*). Mr. Goguen replied on March 26, 2025. No. 1:11-cr-00003-JAW, *Pet'r's Reply to the Gov't's Resp. to the 2255 Mot.* (ECF No. 467) (*Pet'r's Reply*). While his motion to vacate was under advisement, on March 26, 2025, Mr. Goguen moved for an expedited evidentiary hearing and release pending resolution of his § 2255 motion. *Pet'r's Req. for an Expedited Evidentiary Hr'g and[/]or Release Pending the 2255 Proc.* (ECF No. 468).

Simultaneously, on July 29, 2024, Mr. Goguen moved to vacate, set aside or correct his sentence in the 2016 case. No. 1:16-cr-00167-JAW-1, *Mot. to Vacate, Set Aside or Correct* (ECF No. 248) (*Fourth § 2255 Mot.*). The Government responded in opposition on August 19, 2024, requesting the Court dismiss the motion based on the one-year statute of limitations and asking the Court to defer briefing on the merits of Mr. Goguen's claims until after resolution of the statute of limitations issue. No. 1:16-cr-00167-JAW-1, *Gov't's Resp. to Pet'r's Pet. Pursuant to 28 U.S. § 2255* (ECF No. 250). Mr. Goguen replied on October 28, 2024, insisting his § 2255 motion was timely filed

under the prison mailbox rule. No. 1:16-cr-00167-JAW-1, *Pet'r's Reply to the Gov't's Resp. to Pet'r's Pet. Pursuant to 28 U.S. § 2255* (ECF No. 254). On November 6, 2024, the Magistrate Judge ordered additional briefing on the statute of limitations issue and the merits of Mr. Goguen's claims. No. 1:16-cr-00167-JAW-1, *Order on 28 U.S.C. § 2255 Mot.* (ECF No. 255); No. 1:16-cr-00167-JAW-1, *Am. Order on 28 U.S.C. § 2255 Mot.* (ECF No. 256). The Petitioner filed supplemental briefing on December 2, 2024. No. 1:16-cr-00167-JAW-1, *Pet'r's Suppl. Br. in Support of the 2255 Pet* (ECF No. 257). On January 3, 2025, the Government again moved for the dismissal of the Petitioner's motion. No. 1:16-cr-00167-JAW-1, *Gov't's Suppl. Resp. to Pet'r's Mot. Pursuant to 28 U.S.C. § 2255* (ECF No. 261).

On April 3, 2025, a Magistrate Judge issued a recommended decision of dismissal of Mr. Goguen's pending motions to vacate in both cases, and further recommended dismissal of Mr. Goguen's motion for release and/or an expedited evidentiary hearing. No. 1:11-cr-00003-JAW, *Recommended Decision on 28 U.S.C. § 2255 Mots., Recommended Decision on Mot. for Release, and Order on Mot. for An Evidentiary Hr'g* (ECF No. 469); No. 1:16-cr-00167-JAW-1, *Recommended Decision on 28 U.S.C. § 2255 Mots., Recommended Decision on Mot. for Release, and Order on Mot. for an Evidentiary Hr'g* (ECF No. 263) (*Rec. Dec.*).

Because a Magistrate Judge reviewed Mr. Goguen's petitions under 28 U.S.C. § 636(b)(1)(B), Mr. Goguen had a right to de novo review by the district judge upon filing an objection within fourteen days of being served. 28 U.S.C. § 636(b)(1)(C). After the Court granted Mr. Goguen's multiple requests for an extension to file his

objection, No. 1:16-cr-00167-JAW-1, *Mot. to Extend Time* (ECF No. 264); No. 1:16-cr-00167-JAW-1, *Order* (ECF No. 265); No. 1:16-cr-00167-JAW-1, *Mot. to Extend Time* (ECF No. 266); No. 1:16-cr-00167-JAW-1, *Order* (ECF No. 267); No. 1:16-cr-00167-JAW-1, *Mot. to Extend Time* (ECF No. 268); No. 1:16-cr-00167-JAW-1, *Order* (ECF No. 270); No. 1:11-cr-00003-JAW-1, *Mot. to Extend Time* (ECF No. 471); No. 1:11-cr-00003-JAW-1, *Order* (ECF No. 472); No. 1:11-cr-00003-JAW-1, *Mot. to Extend Time* (ECF No. 473); No. 1:11-cr-00003-JAW-1, *Order* (ECF No. 474); No. 1:11-cr-00003-JAW-1, *Mot. to Extend Time* (ECF No. 475); No. 1:11-cr-00003-JAW-1, *Order* (ECF No. 477), Mr. Goguen filed an identical objection to the Recommended Decision on both dockets on June 2, 2025.   No. 1:16-cr-00167-JAW-1, *Pet'r's Obj. to the Recommended Decision to the 2255 Mot., Mot. for Release, and Mot. for an Evidentiary Hr'g* (ECF No. 269); No. 1:11-cr-00003-JAW-1, *Pet'r's Obj. to the Recommended Decision to the 2255 Mot., Mot. for Release, and Mot. for an Evidentiary Hr'g* (ECF No. 476) (*Pet'r's Obj.*).  The Government's response to Mr. Goguen's objection was due by June 16, 2025; however, the Government filed no response.

## II.    THE RECOMMENDED DECISION AND ROBERT FREDERICK GOGUEN'S OBJECTION

### A.    The Recommended Decision

#### 1.    Background

The Magistrate Judge first recounts the extensive procedural history of this case, beginning with Mr. Goguen's 1996 state court conviction for sexually assaulting an intoxicated and unconscious sixteen-year-old girl, and his subsequent conviction in 2006 for failing to register as a sex offender as required by the Sex Offender

6

Registration and Notification Act (SORNA). *Rec. Dec.* at 2. The Recommended Decision continues by recounting Mr. Goguen's failure to comply with the terms of his supervised release in the 2011 case, including by possessing adult and child pornography, his conviction in the 2016 case, as well as his repeated attempts to find relief from judgment through two previous 28 U.S.C. § 2255 petitions, motions to withdraw his guilty plea, and additional post-conviction motions. *Id.* at 3-10.

### 2.      Second or Successive § 2255 Motions

Turning to the legal standard for Mr. Goguen's third and fourth § 2255 motions presently pending before this Court, the Magistrate Judge says "[t]he Court lacks jurisdiction to consider a second or successive petition unless the First Circuit has specifically authorized the Court to consider it." *Id.* at 10-11 (citing *Trenkler v. United States*, 536 F.3d 85, 96 (1st Cir. 2008)) ("We have interpreted [section 2255(h)] as 'stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward'")). The Magistrate Judge observes that the records lack any evidence to suggest the First Circuit has authorized Mr. Goguen to file a second or successive § 2255 motion, noting "[t]o the contrary, the First Circuit previously concluded that Petitioner's prior Rule 60(b) motion was in substance a prohibited second or successive petition and did not authorize the district court to consider his claims." *Id.* at 11.

The Magistrate Judge acknowledges, however, that Mr. Goguen's two current motions to vacate, set aside or correct would not be barred if they are considered "second or successive" motions under the Antiterrorism and Effective Death Penalty

Act (AEDPA). *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 486 (2000)); *accord Sustache-Rivera v. United States*, 221 F.3d 8, 12 (1st Cir. 2000) ("Not every literally second or successive § 2255 petition is second or successive for purposes of AEDPA"). He explains that a later-filed petition may proceed in the district court without authorization where: (1) the prior petition was withdrawn or dismissed for technical or procedural reasons unrelated to the merits, such as failure to pay a filing fee; (2) the claims challenge an intervening criminal judgment, such as one following a plenary resentencing after a reversal on appeal; or (3) the claims were previously not ripe. *Id.* at 11-12 (collecting caselaw from the Supreme Court and the First Circuit).

Returning to the instant cases, the Magistrate Judge responds to the Government's argument that both pending § 2255 motions are barred because most of Mr. Goguen's claims within the motions are the same, either could have been or were raised in the earlier § 2255 petitions, and the Court sentenced Mr. Goguen at one combined hearing for both the new criminal conduct and the revocation. He opines that the Government's arguments are inconsistent with *Magwood v. Patterson*, 561 U.S. 320 (2010), "where the Supreme Court held that the second or successive provision 'must be interpreted with respect to the judgment challenged.'" *Id.* at 12 (quoting *Magwood*, 561 U.S. at 332-33). In that case, the Magistrate Judge explains, the *Magwood* Court allowed a subsequent § 2255 petition to proceed because it challenged a new judgment, "even though the petition raised issues that could have been raised in the prior petition attacking the prior judgment because '[a]n error made a second time is still a new error.'" *Id.* (quoting *Magwood*, 561 U.S. at 339).

8

### a.    The Pending § 2255 Motion in the 2016 Case

Here, the Recommended Decision observes, Mr. Goguen's prior § 2255 motions attacked the first judgment in the 2011 case but did not attack the judgment in the 2016 case.  *Id.*  Indeed, the Magistrate Judge notes Mr. Goguen's prior § 2255 motions could not have challenged the 2016 case because judgment in that case was not final at the time Mr. Goguen filed his second § 2255 motion.  *Id.*  The Magistrate Judge also rejects the Government's argument that the revocation judgment in the 2011 case and the judgment in the 2016 case constitute a single judgment, responding "[a]lthough there was one sentencing hearing and the same underlying conduct provided the basis for both the revocation and the new case, the Court imposed separate sentences on separate judgment forms, and the judgments were filed in separate cases."  *Id.* at 12-13.  "Under the circumstances, consistent with the Supreme Court's reasoning and decision in *Magwood*," the Magistrate Judge determines "there is no subject matter jurisdiction obstacle for the current § 2255 motion in the 2016 case because the motion challenges a new intervening judgment and thus does not qualify as a second or successive petition."  *Id.* at 13.

### b.    The Pending § 2255 Motion in the 2011 Case

"Petitioner's current § 2255 motion in the 2011 case is a different matter, however," the Magistrate Judge says, explaining that Mr. Goguen has twice attacked the original judgment in the 2011 case and both this Court and the First Circuit have already determined that the second attempt generated the second or successive gatekeeping provisions.  *Id.*  Thus, the Magistrate Judge determines the Court lacks

9

jurisdiction to consider the claims in the current § 2255 motion within the 2011 case
. . . unless the circumstances of the second revocation permit it." *Id.* Acknowledging
a claim challenging a revocation judgment is not necessarily second or successive if
the claim was not ripe during the prior petition attacking the original sentence, the
Magistrate Judge proceeds to observe "persuasive authority teaches that a revocation
judgment is not equivalent to a plenary resentencing and does not qualify as an
entirely new intervening judgment under *Magwood*, which means a petitioner is not
permitted to raise claims attacking the original judgment that were ripe at the time
of the prior petition." *Id.* at 14 (collecting cases from other federal district courts).
The Recommended Decision quotes the United States District Court for the Eastern
District of Virginia as holding:

> The sanctions imposed for defendant's violations of supervised release
> did not reset the habeas clock pursuant to § 2255 to permit defendant to
> challenge his original guilty pleas. . . [T]o hold otherwise would give
> defendants an incentive to violate supervised release in order to restart
> the clock on their original conviction. . . Moreover, even if the revocation
> of supervised release reset the habeas counter, it would only do so with
> respect to the terms of defendant's supervised release and would not
> permit defendant to challenge his underlying sentence and conviction.

*Id.* (quoting *United States v. Akhter*, No. 1:15-cr-124, 2020 U.S. Dist. LEXIS 134652,
at *12 (E.D. Va. July 29, 2020)) (citation amended) (ellipses and alteration in
original).

Applying this reasoning to the instant case, the Magistrate Judge determines
the Court lacks jurisdiction to consider Mr. Goguen's claims within his § 2255 motion
in the 2011 case challenging the validity of the prior state court convictions, the
original federal conviction and sentence, or the first revocation judgment, *id.* at 15

(citing *Third § 2255 Mot.* at 1-16, 19-20), because these matters were ripe at the time of his second § 2255 motion, but that the Court has jurisdiction to consider the claims in the motion challenging the events after October 2015 and impacting the second revocation judgment. *Id.* (citing *Third § 2255 Mot.* at 16-25).

### 3.    Statute of Limitations

Next, the Magistrate Judge addresses the Government's argument that Mr. Goguen's motions are barred by the one-year statute of limitations that applies to a collateral attack on a federal conviction and begins to run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was presented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* (quoting 28 U.S.C. § 2255(f)).

Here, the Magistrate Judge observes, because Mr. Goguen does not allege, nor does the record reflect, that 28 U.S.C. § 2255(f)(2), (3), or (4) applies, the limitations period began to run when the relevant judgment of conviction became final. *Id.* at 16. He calculates that the Court entered both relevant judgments on September 20, 2021, Mr. Goguen then appealed to the First Circuit, and the First Circuit issued its mandate on February 16, 2023, after which Mr. Goguen had ninety days to seek a

writ of certiorari from the United States Supreme Court. *Id.* Because Mr. Goguen did not file for such a writ, the judgments became final on May 17, 2023, following the expiration of the ninety-day period, and the limitation period for filing a § 2255 motion to challenge the judgments thus expired on May 17, 2024. *Id.* (citing *Clay v. United States*, 537 U.S. 522, 532 (2003); *Rogers v. United States*, 180- F.3d 349, 355 n.13 (1st Cir. 1999)).

### a.    The § 2255 Motion in the 2011 Case

As Mr. Goguen filed the pending § 2255 motion in the 2011 case on April 8, 2024, over a month before the May 17, 2024 deadline, the Magistrate Judge determines the statute of limitations does not present an obstacle to Mr. Goguen's claims in that motion. *Id.* at 16-17.

### b.    The § 2255 Motion in the 2016 Case

Turning to the 2016 case, the Magistrate Judge first addresses Mr. Goguen's argument that, pursuant to Rule 3(d) of the Rules Governing Section 2255 Proceedings, also referred to as the prison mailbox rule, his motion should be deemed to have been filed not on July 29, 2024, the date the Court received his motion, but on May 11, 2024, the date he signed and dated his motion. *Id.* at 17-19.   The Magistrate Judge acknowledges Mr. Goguen satisfied several elements of Rule 3(d) but points out he "failed to establish one element of Rule 3(d): he did not assert that he used the prison's legal mail system," and, "[u]nder the circumstances, Petitioner cannot rely on the prison mailbox rule." *Id.* at 18-19.   The Magistrate Judge therefore deems the § 2255 motion in the 2016 case to have been filed on July 29, 2024,

approximately six weeks after the expiration of the limitations period, and thus barred by the one-year statute of limitations unless a recognized exception applies. *Id.* at 19. After determining neither equitable tolling nor a gateway innocence claim provides an exception by which Mr. Goguen may avoid the one-year limitations period, the Magistrate Judge determines dismissal of the § 2255 motion in the 2016 case is warranted. *Id.* at 19-21.

### 4. The Merits of the Pending § 2255 Motion in the 2011 Case

Reciting the legal standard for a motion to vacate, set aside or correct sentence, the Magistrate Judge says a petitioner may move to vacate his sentence on four different grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction" to impose its sentence; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." *Id.* at 21-22 (quoting 28 U.S.C. § 2255(a); citing *Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994)). Acknowledging that pro se habeas petitions "normally should be construed liberally," *id.* at 22 (quoting *United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005)), the Magistrate Judge states that the burden rests with a petitioner to establish by a preponderance of the evidence that he or she is entitled to § 2255 relief. *Id.* (collecting caselaw from the First Circuit). The Recommended Decision emphasizes that "a defendant's failure to raise a claim in a timely manner at trial or on appeal constitutes a procedural default that bars collateral review, unless the defendant can demonstrate cause for the failure and prejudice or actual innocence," *id.* (quoting

*Berthoff v. United States*, 308 F.3d 124, 127-28 (1st Cir. 2002)), and, further, that "issues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion." *Id.* at 23 (quoting *Singleton v. United States*, 26 F.3d 233, 240 (1st Cir. 1994)). The Magistrate Judge also reviews the legal standard for a claim of ineffective assistance of counsel. *Id.* (collecting cases from the Supreme Court and the First Circuit).

Next, the Magistrate Judge outlines Mr. Goguen's "discernible and timely claims" over which the Court retains subject matter jurisdiction absent preauthorization from the First Circuit:

1. Petitioner was deprived of due process because the probation officer and the prosecutor knowingly presented false and misleading evidence (*Third § 2255 Motion* at 16-17);

2. Petitioner's third attorney provided ineffective assistance regarding the motion to suppress evidence by failing to:

   a. investigate and refute the anonymous informant's assertions, (*id.* at 18, 22-23);

   b. argue that the probation office trespassed by entering Petitioner's apartment (*id.* at 19);

   c. investigate and argue adequately that Petitioner could not have violated the condition related to the terms of his treatment because he was not subject to any treatment contract (*id.* at 19-20);

   d. investigate and argue adequately that the terms of supervised release did not permit the probation office to search Petitioner's electronic devices (*id.* at 20);

   e. argue that evidence obtained from an allegedly unlawful 2013 search of a different laptop was used to support the search warrant of the laptop in this case (*id.* at 21);

14

      f.  investigate and argue that the second laptop was not password protected (*id.* at 21-22); and

      g.  argue that it was suspicious that the probation office did not seize and search his other electronic devices (*id.* at 23);

3.  Petitioner's third attorney also provided ineffective assistance by failing to:

      a.  prepare adequately to argue against the Government's motion to apply enhanced statutory penalties (*id.* at 23-24), and

      b.  assist Petitioner with his effort to withdraw his guilty pleas and pursue an evidentiary hearing (*id.* at 24-25); and

4.  Petitioner's fourth and fifth attorneys provided ineffective assistance by failing to "adequately prepare" and "properly advise" the Court, by not requesting a hearing to contest the truth of information supporting a search warrant, and by failing to obtain a withdrawal of Petitioner's guilty pleas, (*id.* at 25).

*Id.* at 24-25.

The Magistrate Judge addresses each surviving claim in turn. He says Mr. Goguen's first claim of a due process violation on account of prosecutorial misconduct "has previously been considered and rejected," explaining that Mr. Goguen initially made these allegations during the proceedings relating to his motion to suppress evidence and raised them a second time in his second motion to withdraw his guilty plea. *Id.* at 25 (citing No. 1:16-cr-00167-JAW, *Order on Mot. to Withdraw Guilty Plea and Admission* at 53, 56 (ECF No. 159); No. 1:11-cr-00003-JAW, *Order on Mot. to Withdraw Guilty Plea and Admission* at 53, 56 (ECF No. 350)) (citations amended). The Magistrate Judge says, in both instances, "[t]he Court rejected the argument," concluding the facts alleged by Mr. Goguen were consistent with the statements of the probation office and the Government. *Id.* The Magistrate Judge further observes

15

Mr. Goguen raised the same issue in his brief on appeal, but the First Circuit affirmed the judgment of this Court. *Id.* He concludes "[b]ecause Petitioner does not present any compelling newly discovered evidence and because there has been no intervening change in the law, the First Circuit's rejection of Petitioner's argument and the law of the case doctrine preclude postconviction relief on that issue." *Id.* at 25-26.

The Magistrate Judge reaches a similar conclusion on Mr. Goguen's seven remaining ineffective assistance of counsel claims, reporting that Mr. Goguen previously raised, and the Court considered and rejected, each in turn. *Id.* at 26 (citing *Order on Mot. to Withdraw Guilty Plea and Admission* at 10, 14-15, 20, 39-41, 47-52, 55, 60-64). Further, the Magistrate Judge observes that Mr. Goguen did not present any newly discovered evidence on those issues, there has been no relevant and material change in the law since July of 2020 when the Court's order was issued, and he has not established that there was any error in the Court's prior assessment of the arguments. *Id.* Finally, because Mr. Goguen "raised essentially the same arguments on appeal, the First Circuit's rejection of the arguments also bars postconviction relief here." *Id.*

Even if the Court were to assume there are differences between Mr. Goguen's ineffective assistance of counsel arguments raised in his pending motion and his comparable arguments previously raised before this Court and the First Circuit, the Magistrate Judge recommends the Court nonetheless dismiss these claims based on his determination that "the claims that can survive the statute of limitations and the bar on second or successive petitions fail because they were correctly rejected in prior

orders, those orders were affirmed on appeal, and because the claims otherwise lack merit." *Id.* at 26-28; *id.* at 28 n.6 ("To the extent that there is any question regarding the analysis of the second or successive issue and the statute of limitations issue, I conclude that the other claims Petitioner raises would nevertheless fail for essentially the same reasons discussed in this section. This Court and the First Circuit have already considered and addressed virtually all the underlying issues and found Petitioner's contentions to be without merit. To the extent that there are any differences between his other claims and those the Court has previously addressed in prior orders that were affirmed on appeal, a review of the issues does not reveal any error or evidence that could establish deficient performance or prejudice from any of counsel's decisions in connection with the revocation proceeding or in the 2016 case").

Finally, the Magistrate Judge determines an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases and accordingly recommends the Court deny Mr. Goguen's motion for expedited evidentiary hearing in the 2011 case. *Id.* at 29. Furthermore, the Magistrate Judge recommends the Court (1) deny Mr. Goguen's pending motions for habeas relief under 28 U.S.C. § 2255; (2) deny Mr. Goguen's motion for release pending resolution of the § 2255 in the 2011 case; and (3) deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases. *Id.*

## B.    Robert Frederick Goguen's Objection

After "request[ing] . . . the Court . . . restore balance in the adversarial process and . . . stop the Government from relying on the Court's arguments which the

17

Government failed to raise itself," *Pet'r's Obj.* at 1 (capitalization altered), Mr. Goguen's objection opines:

> [I]t bears mentioning that the Recommended Decision does not address the following claims: (1) that Petitioner is actually innocent of violating the SOTP contract as charged in the revocation, nor did the Government provide sufficient reliable evidence to support the Court's acceptance of a guilty plea; (2) during the revocation proceedings the Court itself revealed several errors illuminating that the SORNA conviction judgment is constitutionally infirm and cannot be relied on to support the revocation of is sentence and conditions of release; and (3) that the sentence is based on erroneous information and unreliable evidence.

*Id.* at 4 (citing *Third § 2255 Mot.* at 2-17; *Rec. Dec.* at 21-28). Mr. Goguen alleges "these arguments demonstrate how the Court's prior ruling on the matters are in error based on the fact [that] the Government failed to provide the Court with proper controlling precedent," and "point out . . . that the Court's finding of a matter of law is contradicted by the Law of the Circuit." *Id.* (for the latter, citing *United States v. Guerrero*, 19 F.4th 547, 550 (1st Cir. 2021) (citation corrected), then collecting cases from the First Circuit).

Expanding on his first objection, Mr. Goguen opines "under *O'Laughlin* due process requires the Government to provide sufficient proof beyond a reasonable doubt of the existence of every element of the charged offense thereby Petitioner is actually innocent." *Id.* at 4 (emphasis removed) (discussing *O'Laughlin v. O'Brien*, 568 F.3d 287 (1st Cir. 2009) (citation corrected)). He says "[i]n this case the government has never provided the Court with a copy of any SOTP contract, past or present, thus the Court could not accept a gui[lt]y plea[,] [m]oreover, under First Circuit law there was never any valid or enforceable contract that Petitioner entered,"

18

and, "[t]hus Petitioner is actually innocent of breaching the alleged SOTP contract, and the revocation based on that must be vacated." *Id.* at 5.

Next, Mr. Goguen argues "[t]he Government cannot rely upon the 2013 SOTP contract," taking issue with the Court's prior determination that "Petitioner's claims that he was forced to sign waivers and enter into the 2013 SOTP contract" were "unpersuasive." *Id.* at 5 (citing *Order on Mot. to Withdraw Guilty Plea and Admission* at 48). He says "the Court was improperly left to make an assumption because the Government failed to provide it with sufficient evidence [that] Petitioner [was] legally bound by the prior contract." *Id.* at 6. "More important," Mr. Goguen says, "the Government cannot rely on the 2013 contract because it . . .. [d]id not dispute the factual allegations that [the United States Probation Officer (USPO)] threatened Petitioner if he did not sign the contract, and is therefore void and unenforceable." *Id.* (citing No. 1:11-cr-00003-JAW-1, *Def.'s Pro Se Mot. to Withdraw the Guilty Plea(s) and Req. for an Order to Disqualify Honorable John A. Woodcock, Jr.* at 8-9 (ECF No. 309); No. 1:11-cr-00003-JAW-1, *Gov't's Obj. to Def.'s Pro Se Mot. to Withdraw Plea(s)* at 7 (ECF No. 339) (citations amended)). He contends "[t]his failure to dispute should have been deemed an admission that the 2013 contract was unenforceable." *Id.*

Moreover, he claims "[t]he SOTP provider did not prohibit the Petitioner from possessing pornography," and says "[t]he Government does not dispute this fact and therefore concedes it." *Id.* at 7 (citing *United States v. Medina*, 799 F.3d 55, 64 (1st Cir. 2015) (in turn citing *United States v. Sebastian*, 612 F.3d 47, 52 (1st Cir. 2010)). Mr. Goguen says "[t]hus, the Court could not accept the guilty plea and the Petitioner

was entitled to an acquittal; independently Petitioner was actually innocent of breaching any contract as charged in the revocation petition." *Id.*

Next, Mr. Goguen challenges the evidence the prosecutor relied on at his revocation proceeding, asserting "[t]he revocation cannot stand." *Id.* at 7-8 (capitalization altered). Mr. Goguen additionally argues "USPO Ozwald provided the Court with false evidence" and, further, "[t]he Government does not dispute this new fact, and the Recommended Decision does not address this issue, and thereby should be deemed admitted." *Id.* at 6 (capitalization altered). Specifically, he says, USPO Ozwald "falsely stated: (1) that Petitioner did not know the laptop owner's name, when in fact Petitioner provided it to USPO Ozwald . . . ; (2) that the laptop is not password protected; (3) that the Petitioner could not explain how he was to repair the laptop; (4) that the USPO waited for a warrant before searching the laptop, when USPO Ozwald repeatedly tried to search it in Petitioner's apartment; (5) Petitioner frequented the 'The Together Place' food pantry; (6) that Petitioner was anxious and unusually nervous during questioning." *Id.* at 8 (citing *Def.'s Pro Se Mot. to Withdraw the Guilty Plea(s) and Req. for an Order to Disqualify Honorable John A. Woodcock, Jr.* at 19-20). He claims the Recommended Decision "misstates that false statement claims were raised in the motion to suppress; and that the Court determined the fact had contradicted Petitioner's allegations that USPO Ozwald presented false statements." *Id.* at 8-9 (citing *Rec. Dec.* at 24-25). Mr. Goguen argues "the prosecution failed in its[] constitutional obligation to correct false evidence, and the

20

revocation must fall because it was obtained through the use of false evidence in violation of Due Process." *Id.* at 10.

Continuing to challenge evidence previously raised, Mr. Goguen says "[d]uring the revocation proceedings, whether Petitioner was required to register under SORNA was a question properly before the Court," and "[b]ased on defense counsel's deficient performance and the Government's failure to point out the controlling precedent, the Court mistakenly held that it did not matter that the Connecticut statute lacked the intent element." *Id.* He claims that under *United States v. Jones*, 748 F.3d 64 (1st Cir. 2014), this Court's holding that Petitioner's prior conviction qualified as a sex offense under SORNA was erroneous due to "the lack of intent element" in the relevant Connecticut statute. *Id.* at 10-11 (capitalization altered). He concludes "[t]he fact that Petitioner did not have a qualifying sex offense as defined by SORNA and thereby [was] not required to register as a sex offender inherently shows the conviction/judgment is invalid and void," adding that "[i]f the conviction is invalid, the release conditions imposed pursuant to it are void and revocation for violating them is barred." *Id.* at 11 (citing *Earley v. Murray*, 451 F.3d 71 (2d Cir. 2006)).

He next alleges that, during the revocation proceeding, the Court "held that it affirmatively misinformed Petitioner of the consequences of pleading guilty during the conviction," which he claims is "reversible plain error" and "demonstrates that the prior conviction is constitutionally infirm under First Circuit law." *Id.* at 11 (discussing *United States v. Rivera-Maldonado*, 560 F.3d 16 (1st Cir. 2009)). Mr.

21

Goguen claims the Government does not dispute and thus concedes this argument. *Id.* at 12.

Mr. Goguen then argues "in May 2013 the Court unlawfully and illegally modified and extended Petitioner's sentence absent a violation of the previous conditions of release," claiming "under First Circuit law when USPO duped the Court into modifying Petitioner's sentence in May 2013 it violated double jeopardy protections rendering all subsequent proceedings null & void." *Id.* (discussing *United States v. Bynoe*, 562 F.2d 126 (1st Cir. 1977)) (capitalization altered).

Next, the Petitioner avers "under *Cordero*, [he] has the right to collaterally attack prior convictions where the conviction was obtained in violation of the right to counsel." *Id.* (capitalization altered) (discussing *United States v. Cordero*, 42 F.3d 697 (1st Cir. 1994)). He claims the Recommended Decision "inaccurately states the Court cannot consider any challenge to the prior conviction, because the claims got to the use of the prior conviction to support the revocation or the sentence thereof," specifically taking issue with the reliability of the evidence contained in the Presentence Investigation Report (PSR) considered by the Court at the revocation hearing and raising ineffective assistance of counsel and prosecutorial misconduct. *Id.* at 13-18. Continuing with this argument, he argues "[t]he Recommended Decision does not properly address the Petitioner's ineffective assistance claims, overlooks the controlling precedents and pertinent arguments and distorts the other issues." *Id.* at 18. He continues to reassert arguments of ineffective assistance of counsel raised in previous motions to this Court. *Id.* at 19.

Mr. Goguen next claims the Recommended Decision failed to properly address his argument that the Probation Officer "trespassed by illicitly gaining access into Petitioner's locked and secured apartment building," adding that "a search and seizure cannot be justified if it is effectuated by an unlawful trespass."  *Id.* at 20 (citation omitted).  He then repeats his arguments that the 2013 SOTP contract was "void" and that the "USPO deliberately and blatantly lied to the Court about contacting the SOTP provider . . . and falsely claimed Petitioner was prohibited from adult pornography."  *Id.* at 21 (citing *Third § 2255 Mot.* at 2).  He claims his counsel failed to investigate the issue or contact the SOTP provider, and also that the Government conceded this point by "fail[ing] to provide sufficient evidence to support that Petitioner was prohibited from adult pornography," and not "disput[ing] that counsel was ineffective in failing to investigate and adequately argue the issue."  *Id.* Mr. Goguen argues the Recommended Decision "inaccurately claims" his argument regarding an illegal search and seizure "has no merit because the terms of supervised release in May 2013 allowed 'searches of the Petitioner's electronic property.'"  *Id.*  He proceeds to dispute the authority of the electronic items seized by the USPO during the challenged search, arguing "[t]he Recommended Decision's argument is one sided, and it is just as conceivable that USPO had nefarious motives and acted unlawfully regarding the property seized or otherwise."  *Id.* at 22.

In conclusion, Mr. Goguen argues his objection "demonstrate[s] that the Government has voluntarily elected not to dispute the majority of Petitioner's factual allegations and legal arguments and therefore concede to their validity," and "[t]he

arguments and documentary evidence conclusively demonstrate that the Court's prior finding regarding the constructive denial of counsel and the dismissed state charges was in erro[r], and both cases are unavailable to support either guilt in the revocation or enhancing the punishment therein." *Id.* at 23. He adds, "[t]he arguments and evidence demonstrate[] prosecutorial misconduct depriving Petitioner of due process; and that he was deprived [of] the right to effective assistance of counsel." *Id.* He claims this establishes his revocation was in violation of due process clause of the Fifth Amendment and his Sixth Amendment right to effective assistance of counsel and, furthermore, that "the Recommended Decision is not accurate and . . . the Court should grant the Petitioner's motion to vacate, motion for release pending the outcome, and motion for an evidentiary hearing." *Id.*

### C.    The Government's Response

The Government's response to the Petitioner's objection was due June 16, 2025, but the Government filed no response.

## III.   LEGAL STANDARD

The Petitioner timely filed an objection to the Magistrate Judge's Recommended Decision, and the Court thus "shall make a de novo determination of those portions of the . . . recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* 28 U.S.C. § 636(b)(1)(B). At the same time, the Court is "only obliged to perform de novo review of disputed portions of the report and recommendation." *United States v. J.C.D.*, 861 F.3d 1, 6 (1st Cir. 2017). Under this standard, the Court reviews factual findings for clear error, *Phinney v. Wentworth*

24

*Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999), and gives plenary review to pure questions of law. *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010).

## IV.    DISCUSSION

The Court reviewed and considered the Magistrate Judge's extremely thorough recommended decision, together with the entire record.  Having made a de novo determination of "disputed portions of the report and recommendation," the Court affirms the recommended decision over the Petitioner's objection and determines that no further proceedings are necessary. *See J.C.D.*, 861 F.3d at 6.

The Court first considers Mr. Goguen's objections that the Recommended Decision does not address his arguments that: (1) he is actually innocent of violating the sex offender treatment contract because no contract existed and, thus, the revocation was procured without due process; (2) the judgment in the 2016 case is constitutionally infirm and cannot be relied on to support a revocation; and (3) his sentence is based on "erroneous information and unreliable evidence." *Pet'r's Obj.* at 4.

The Magistrate Judge's Recommended Decision runs nearly thirty pages, and there is little the Court can say that the Magistrate Judge in his meticulously researched opinion has not already said.  On the Court's review, not only did the Magistrate Judge consider these arguments in his Recommended Decision, but, as also observed by the Magistrate Judge, this Court has previously addressed these arguments numerous times before and found them unavailing.  As an initial matter, the Magistrate Judge discussed Mr. Goguen's gateway innocence claim at length in

the Recommended Decision, *see Rec. Dec.* at 20-21, and also considered his argument regarding the validity of a treatment contract due to ineffective assistance of counsel, *id.* at 25-27. In addition, the Court has previously concluded the Petitioner's contract claims were "frivolous" and "highly inaccurate," *Order on Mot. to Withdraw Guilty Plea and Admission* at 32, and rejected his actual innocence claims in its denial of the Petitioner's motion to withdraw his guilty plea in 2020. *Id.* at 32-41. Insofar as Mr. Goguen claims that the Government cannot rely on the 2013 treatment contract, or the "special conditions as prohibiting petitioner from adult material," the Court previously determined that those arguments "fall" of "[their] own weight." *Id.* at 47. Specifically, the Court already concluded that the Petitioner "remained bound by the terms of SOTP that he had signed in May 2013," *id.*, and, "even if Mr. Goguen did not sign a new contract with the SOTP in January 2014, when he recommenced supervised release, it makes no difference" because "[c]ondition two of the special conditions in the September 23, 2013, revocation judgment expressly required him to 'fully participate in sex offender treatment as directed by the supervising officer.'" *Id.* The Court previously concluded that this special condition "also required Mr. Goguen to 'scrupulously abide by all policies and procedures of that program.'" *Id.* The Court sees no basis to change its resolution of these same arguments now.

The same is true of Mr. Goguen's contentions regarding the constitutionality of his conviction in the 2016 case. *Pet'r's Obj.* at 12. The Court has already considered and rejected Mr. Goguen's argument that the Government cannot charge that he violated the terms of supervised release and indict him on a new criminal charge

26

based on the same events without violating the double jeopardy clause. *See Order on Mot. to Withdraw Guilty Plea and Admission* at 41. The Court concluded the Supreme Court in *Johnson v. United States*, 529 U.S. 694 (2000) "rejected the double jeopardy argument Mr. Goguen is making here." *Id.* at 42 (citing *Johnson*, 529 U.S. at 700). As the Magistrate Judge additionally recounted, "Petitioner has not established a basis for a different result here," and instead "repeats his allegations but has not presented any new persuasive evidence," further emphasizing that the First Circuit previously rejected this argument on appeal. *Rec. Dec.* at 25-26. This is, in short, not an availing objection to the Recommended Decision.

Similarly, the Court has previously considered and rejected Mr. Goguen's arguments that his conviction in the 2016 case was based on false and misleading evidence, or evidence unconstitutionally seized, including his claims that this evidence implicated prosecutorial misconduct, ineffective assistance of counsel, and judicial bias. No. 1:16-cr-00167-JAW-1, *Order on Def.'s Mot. to Recuse* (ECF No. 144); No. 1:16-cr-00167-JAW-1, *Order on Mot. to Withdraw Guilty Plea and Admission* (ECF No. 159).

Furthermore, the Recommended Decision addressed at length Mr. Goguen's arguments challenging his convictions on the ground that he received ineffective assistance of counsel. *Rec. Dec.* at 24-28. The Magistrate Judge determined the Court had subject matter jurisdiction over four of Mr. Goguen's ineffective assistance of counsel claims, *id.* at 24-25, but noted that these four claims were nonetheless unavailing because they had already been considered and rejected by the Court, and

27

the Petitioner had not presented a basis for a different result such as newly discovered evidence or a material change in the law. *Id.* at 25-26. The Magistrate Judge additionally evaluated the merits of the Petitioner's ineffective assistance of counsel claims and recommended the Court conclude "the claims still fail," persuasively explaining why this was the case for each of Mr. Goguen's claims. *Id.* at 26-28. Finally, the Magistrate Judge determined:

> To the extent that there is any question regarding the analysis of the second or successive issue and the statute of limitations issue, I conclude that the other claims Petitioner raises would nevertheless fail for essentially the same reasons discussed in this section. This Court and the First Circuit have already considered and addressed virtually all the underlying issues and found Petitioner's contentions to be without merit. To the extent that there are any differences between his other claims and those the Court has previously addressed in prior orders that were affirmed on appeal, a review of the issues does not reveal any error or evidence that could establish deficient performance or prejudice from any of counsel's decisions in connection with the revocation proceeding or in the 2016 case.

*Id.* at 28 n.6.

In sum, the Court is not persuaded by Mr. Goguen's objection to the Recommended Decision on the ground that the Magistrate Judge failed to consider his arguments raised in his § 2255 motions. To the contrary, the Magistrate Judge explained in a meticulously thorough recommended decision why Mr. Goguen's pending motions are unavailing, considering timeliness, the bar on second or successive motions, the inapplicability of the exceptions recognized by the Supreme

Court in *Magwood*, and, for the ineffective assistance of counsel claims over which the Court retained jurisdiction, their failure on the merits.  *See Rec. Dec.* at 1-30.

For the reasons explained within the Recommended Decision, and those discussed in this order, the Court affirms the Recommended Decision's determination that Mr. Goguen's pending § 2255 motions warrant dismissal.  Having affirmed the Magistrate Judge's recommendation of dismissal of the § 2255 motions, the Court also affirms the recommendation that the Court dismiss Mr. Goguen's motion for release and/or an expedited evidentiary hearing on the § 2255 motions.

## V.    CONCLUSION

Having performed a de novo review pursuant to 28 U.S.C. § 363(b)(1)(B), the Court AFFIRMS the Recommended Decision on 28 U.S.C. § 2255 Motions, Recommended Decision on Motion for Release, and Order on Motion for an Evidentiary Hearing, No. 1:11-cr-00003-JAW (ECF No. 469); No. 1:16-cr-00167-JAW-1 (ECF No. 263), OVERRULES Petitioner's Objection to the Recommended Decision to the 2255 Motion, Motion for Release, and Motion for an Evidentiary Hearing, No. 1:11-cr-00003-JAW-1 (ECF No. 476); No. 1:16-cr-00167-JAW-1 (ECF No. 269), and accordingly DISMISSES without prejudice Robert Frederick Goguen's Motion to Vacate, Set Aside or Correct, No. 1:16-cr-00167-JAW-1 (ECF No. 248), Motion to Vacate, Set Aside or Correct, No. 1:11-cr-00003-JAW (ECF No. 442), and Petitioner's Request for an Expedited Evidentiary Hearing and[/]or Release Pending the 2255 Proceedings, No. 1:11-cr-00003-JAW (ECF No. 468).

29

Finally, should Mr. Goguen request a certificate of appealability, the Court DENIES such a certificate pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2255(c)(2).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of July, 2025